## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Muhammad Tanvir, Jameel Algibhah, Naveed Shinwari v. FNU Tanzin, Sanya Garcia, Francisco Artousa, John LNU, Steven LNU, John C. Harley III, Michael LNU, Gregg Grossoehmig, Weysan Dun, James C. Langenberg, and John Does 1-6 | **SDNY** | **Ronnie Abrams** |
|  | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|  | **Feb. 24, 2023** | **13 Civ. 6951** |
|  | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|  | **Apr. 25, 2023** | ☐ Yes   ☑ No |

| Attorney(s) for Appellant(s):<br>☑ Plaintiff<br>☐ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br><br>Naz Ahmad, CLEAR project, Main Street Legal Services, Inc. CUNY School of Law 2 Court Square Long Island City, NY 11101, 718-340-4630, 718-340-4470, naz.ahmad@law.cuny.edu |
|---|---|
| **Attorney(s) for Appellee(s):**<br>☐ Plaintiff<br>☑ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br><br>Sarah Normand 86 Chambers Street Third Floor New York, NY 10007; 212-637-2709, sarah.normand@usdoj.gov |

| Has Transcript Been Prepared?<br><br>No | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☑ Yes   ☐ No<br><br>If Yes, provide the following:<br><br>Case Name: **Tanvir v. Tanzin**<br><br>2d Cir. Docket No.: **16-1176**   Reporter Citation: (i.e., F.3d or Fed. App.)   **894 F.3d 449 (2d Cir. 2018)** |
|---|---|---|---|

***ADDENDUM "A":*** **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B":*** **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☐ Diversity | ☑ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party) | ☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): _____ |

### IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.

**FORM C** (Rev. October 2016)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**
- [✓] Pre-trial
- [ ] During trial
- [✓] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [✓] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**
- [✓] Damages:
  - Sought: $ _____
  - Granted: $ _____
  - [✓] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [✓] Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [✓] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): RFRA, QI
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**
- [✓] Yes   [ ] No

Will appeal raise a matter of first impression?
- [ ] Yes   [✓] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____  [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)   Arises from substantially the same case or controversy as this appeal?  [ ] Yes  [✓] No

    (B)   Involves an issue that is substantially similar or related to an issue in this appeal?  [ ] Yes  [✓] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |
| Date: May 9, 2023 | Signature of Counsel of Record: | | |

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

    **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

# Addendum A

Plaintiffs-Appellants Muhammad Tanvir, Jameel Algibhah, and Naveed Shinwari brought this suit to remedy violations of their constitutional and statutory rights by agents of the Federal Bureau of Investigation ("FBI") ("Appellees"), among others. Each Appellant is either a citizen or a lawful permanent resident of the United States, and each is Muslim. Two Appellants found themselves on the No Fly List (the "List") after refusing to become an FBI informant by spying on fellow Muslims in their community, and were then told by the Appellees that they could get off the List if they agreed to become informants. The third Appellant was approached by the FBI shortly after finding himself unable to fly and was told that he would be removed from the List if he consented to become an FBI informant, also by spying on fellow Muslims. Appellants suffered tangible as well as intangible harms; some were unable to visit family members who live abroad, while some were unable to pursue job opportunities. Mr. Tanvir filed the original complaint on October 1, 2013, and the operative Amended Complaint was filed on April 22, 2014, adding additional plaintiffs, defendants, and claims for relief.

Appellants sought relief on two bases. First, they sought injunctive and declaratory relief against Appellees and the other defendants in their official capacities pursuant to the First and Fifth Amendments of the Constitution, the Administrative Procedure Act, 5 U.S.C. §§ 702, 706, and the Religious Freedom Restoration Act[1] ("RFRA"), 42 U.S.C. § 2000bb *et seq*.

Appellants' official-capacity claims were stayed by the District Court on June 10, 2015 after the Government advised Appellants that it knew of "no reason" why they would be unable to

---

[1] One of the plaintiffs in the Amended Complaint, Awais Sajjad, did not bring a claim under RFRA and, therefore, is not joining this appeal.

fly in the future. On December 28, 2015, after Appellants determined that, following the Government's notice, they were able to fly on commercial air flights, Appellants voluntarily dismissed their official-capacity claims.

Appellants also sued Appellees in their personal capacities for compensatory and punitive damages. Appellants argued that they were entitled to such monetary relief under the First Amendment and RFRA. Appellees moved to dismiss these claims and, on September 3, 2015, the District Court granted their motion, ruling that a claim for money damages against Appellees was not available under either the First Amendment or RFRA. The clerk entered final judgment on February 17, 2016.

On April 17, 2016, Appellants appealed the District Court's ruling that RFRA did not provide for monetary damages against federal officers sued in their individual capacities. On May 2, 2018, the Second Circuit ruled in Appellants' favor, holding that RFRA permits plaintiffs to seek monetary damages against federal officers in their individual capacity. *Tanvir v. Tanzin*, 894 F.3d 449 (2d Cir. 2018). On August 17, 2018, Defendants-Appellees sought rehearing *en banc* before the Second Circuit. On February 14, 2019, the Second Circuit denied the petition for rehearing *en banc*. *Tanvir v. Tanzin*, 915 F.3d 898 (2d Cir. 2019).

On November 26, 2019, the Supreme Court granted certiorari on the question of whether RFRA permits money damages against federal officers in their individual capacities. *Tanzin v. Tanvir*, 140 S. Ct. 550 (2019).

On December 10, 2020, the Supreme Court upheld the Second Circuit's ruling, ruling 8-0 that RFRA does authorize such suits for monetary damages. *Tanzin v. Tanvir*, 141 S. Ct. 486 (2020). The mandate returned from the Supreme Court on June 16, 2021.

The remaining claims are against Appellee FBI agents in their individual capacities for money damages available under RFRA. The Appellees renewed their motion to dismiss the remaining claims in the Amended Complaint for failure to state a claim and under the doctrine of qualified immunity. On February 24, 2023, the District Court granted the motion to dismiss, ruling that the Appellees were entitled to qualified immunity because it was not clearly established that their conduct would impose a substantial burden on Appellants' religious exercise and thus violate RFRA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MUHAMMAD TANVIR, JAMEEL
ALGIBHAH, and NAVEED SHINWARI,

　　　*Plaintiffs,*

v.

FNU ("FIRST NAME UNKNOWN")
TANZIN, SANYA GARCIA, FRANCISCO
ARTOUSA, JOHN LNU ("LAST NAME
UNKNOWN"), STEVEN LNU, JOHN C.
HARLEY III, MICHAEL LNU, GREGG
GROSSOEHMIG, WEYSAN DUN, JAMES
C. LANGENBERG, and JOHN DOES 1–6*,*

　　　*Defendants.*

Case No. 1:13-CV-6951 (RA)

**NOTICE OF APPEAL**

NOTICE is hereby given that Muhammad Tanvir, Jameel Algibhah, and Naveed Shinwari, Plaintiffs in the above-titled action, hereby appeal to the United States Court of Appeals for the Second Circuit from the Opinion and Order of the Honorable Ronnie Abrams, entered on February 24, 2023 (ECF No. 149, annexed as Exhibit A), dismissing Plaintiffs' individual capacity claims against Defendants FNU ("First Name Unknown") Tanzin, Sanya Garcia, Francisco Artousa, John LNU ("Last Name Unknown"), Steven LNU, John C. Harley III, Michael LNU, Gregg Grossoehmig, Weysan Dun, James C. Langenberg, and John Does 1–6.

Respectfully submitted,

/s/ *Naz Ahmad*
Naz Ahmad
Mudassar Toppa

Shezza Abboushi Dallal
CLEAR Clinic
Main Street Legal Services, Inc.
CUNY School of Law
2 Court Square
Long Island City, NY 11101
(718)-340-4630
naz.ahmad@law.cuny.edu

Baher Azmy
Shayana Kadidal
Diala Shamas
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012

Jennifer R. Cowan
Erol N. Gulay
Christopher S. Ford
Ryan Mullally
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001

Dated: April 25, 2023

Case 23-7396, Document 13, 05/09/2023, 3512562, Page 8 of 65

CLOSED,APPEAL,ECF

# U.S. District Court
# Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:13-cv-06951-RA

Tanvir v. Comey et al

Assigned to: Judge Ronnie Abrams

Cause: 28:1331cv Fed. Question: Other Civil Rights

Date Filed: 10/01/2013

Date Terminated: 02/01/2016

Jury Demand: None

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Muhammad Tanvir**                          represented by   **Ramzi Kassem**

Main Street Legal Services, Inc.

2 Court Square West

Ste 5th Floor

Long Island City, NY 11101

718-340-4558

Fax: 718-340-4478

Email: ramzi.kassem@law.cuny.edu

*TERMINATED: 06/27/2022*

*LEAD ATTORNEY*

**Baher Azmy**

Seton Hall Law School Center For Social

Justice

833 Mccarter Highway

Newark, NJ 07102

(973)-642-8700

Fax: (973)-642-8295

Email: bazmy@ccrjustice.org

*ATTORNEY TO BE NOTICED*

**Christopher Sean Ford**

Debevoise & Plimpton, LLP (NYC)

919 Third Avenue,31st Floor

New York, NY 10022

(212)-909-6161

Email: csford@debevoise.com

*TERMINATED: 08/18/2015*

**Diala Shamas**

Center for Constitutional Rights

666 Broadway, 7th Floor

New York, NY 10012

212-614-6426

Email: dshamas@ccrjustice.org

*ATTORNEY TO BE NOTICED*

**Erol Nazim Gulay**
Debevoise & Plimpton LLP(919 Third Ave)
919 Third Avenue
New York, NY 10022
(212)-909-6549
Email: egulay@debevoise.com
*ATTORNEY TO BE NOTICED*

**Jennifer R. Cowan**
Debevoise & Plimpton, LLP (NYC)
919 Third Avenue,31st Floor
New York, NY 10022
2129097445
Fax: 2129096836
Email: jrcowan@debevoise.com
*ATTORNEY TO BE NOTICED*

**Naz Ahmad**
Main Street Legal Services, Inc
Cuny School of Law 2 Court Square
Long Island City, NY 10026
(718)-340-4630
Email: naz.ahmad@law.cuny.edu
*ATTORNEY TO BE NOTICED*

**Rebecca Sue Hekman**
Debevoise & Plimpton, LLP (NYC)
919 Third Avenue,31st Floor
New York, NY 10022
(212)-909-6219
Fax: (212)-521-7417
Email: rshekman@debevoise.com
*TERMINATED: 07/31/2015*

**Robert N. Shwartz**
Debevoise & Plimpton, LLP (NYC)
919 Third Avenue,31st Floor
New York, NY 10022
(212) 909 6000
Fax: (212) 909-6836
Email: rnshwartz@debevoise.com
*ATTORNEY TO BE NOTICED*

**Rushmi Bhaskaran**
Debevoise & Plimpton LLP
919 Third Avenue

Case 23-738, Document 18, 05/09/2023, 3512562, Page10 of 65

New York, NY 10022
(212) 909-6905
Fax: (212) 521-7116
Email: rbhaskaran@debevoise.com
*TERMINATED: 01/17/2019*

**Shayana Devendra Kadidal**
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
(212)614-6438
Fax: (212)614-6499
Email: kadidal@ccrjustice.org
*ATTORNEY TO BE NOTICED*

**Susan Shanke Hu**
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, NY 10075
212-717-2900
Email: shu@dnfllp.com
*TERMINATED: 09/05/2014*

**William Mattessich**
Debevoise & Plimpton, LLP (NYC)
919 Third Avenue, 3rd Floor
New York, NY 10022
(212)-909-6431
Email: william.mattessich@usdoj.gov
*TERMINATED: 06/14/2022*

**Plaintiff**

**Jameel Algibhah**        represented by  **Baher Azmy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Sean Ford**
(See above for address)
*TERMINATED: 08/18/2015*

**Erol Nazim Gulay**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer R. Cowan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Naz Ahmad**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramzi Kassem**
Main Street Legal Services, Inc.
City University of New York School of
Law
2 Court Square West
Ste 5th Floor
Long Island City, NY 11101
718-340-4558
Fax: 718-340-4478
Email: ramzi.kassem@law.cuny.edu
*TERMINATED: 06/27/2022*

**Rebecca Sue Hekman**
(See above for address)
*TERMINATED: 07/31/2015*

**Robert N. Shwartz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rushmi Bhaskaran**
(See above for address)
*TERMINATED: 01/17/2019*

**William Mattessich**
(See above for address)
*TERMINATED: 06/14/2022*

**Plaintiff**

**Awais Sajjad**                    represented by   **Baher Azmy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Sean Ford**
(See above for address)
*TERMINATED: 08/18/2015*

**Erol Nazim Gulay**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer R. Cowan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Naz Ahmad**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Sue Hekman**
(See above for address)
*TERMINATED: 07/31/2015*

**Robert N. Shwartz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rushmi Bhaskaran**
(See above for address)
*TERMINATED: 01/17/2019*

**Plaintiff**

| | | |
|---|---|---|
| **Naveed Shinwari** | represented by | **Baher Azmy** |

(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Sean Ford**
(See above for address)
*TERMINATED: 08/18/2015*

**Erol Nazim Gulay**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer R. Cowan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Naz Ahmad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramzi Kassem**
(See above for address)
*TERMINATED: 06/27/2022*

**Rebecca Sue Hekman**
(See above for address)
*TERMINATED: 07/31/2015*

**Robert N. Shwartz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rushmi Bhaskaran**

(See above for address)
*TERMINATED: 01/17/2019*

**William Mattessich**
(See above for address)
*TERMINATED: 06/14/2022*

V.

**Defendant**

| | | |
|---|---|---|
| **James Comey**<br>*Director, Federal Bureau of Investigation* | represented by | **Sarah Sheive Normand**<br>U.S. Attorney's Office, SDNY (86 Chambers St.)<br>86 Chambers Street<br>New York, NY 10007<br>(212) 637-2200<br>Fax: (212) 637-2686<br>Email: sarah.normand@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jennifer Ellen Blain**<br>United States Attorney Office, SDNY<br>One Saint Andrew's Plaza<br>New York, NY 10007<br>(212)637-2743<br>Fax: (212) 637-2730<br>Email: Ellen.Blain@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Christopher M. Piehota**<br>*Director, Terrorist Screening Center* | represented by | **Sarah Sheive Normand**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jennifer Ellen Blain**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Rand Beers**<br>*Acting Secretary, Department of Homeland Security*<br>*TERMINATED: 06/10/2015* | represented by | **Sarah Sheive Normand**<br>(See above for address)<br>*LEAD ATTORNEY* |
| | | **Jennifer Ellen Blain**<br>(See above for address) |

**Defendant**

**John S. Pistole**
*Administrator, Transportation Security Administration*
*TERMINATED: 04/22/2014*

represented by **Sarah Sheive Normand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Ellen Blain**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**"John" Tanzin**
*Special Agent, FBI*

represented by **Sarah Sheive Normand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Ellen Blain**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sanya Garcia**
*Special Agent FBI*

represented by **Sarah Sheive Normand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Ellen Blain**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John LNU**
*Special Agent, FBI*

represented by **Jennifer Ellen Blain**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Sheive Normand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**
*Special Agent, FBI*

represented by **Jennifer Ellen Blain**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Sheive Normand**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Eric H. Holder**                    represented by **Jennifer Ellen Blain**
*TERMINATED: 06/10/2015*                              (See above for address)

                                                      **Sarah Sheive Normand**
                                                      (See above for address)

**Defendant**

**Jeh C. Johnson**                    represented by **Jennifer Ellen Blain**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Sarah Sheive Normand**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Francisco Artousa**                 represented by **Jennifer Ellen Blain**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Sarah Sheive Normand**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Rutkowski**                 represented by **Jennifer Ellen Blain**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Sarah Sheive Normand**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**William Gale**                      represented by **Jennifer Ellen Blain**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Sarah Sheive Normand**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**John C. Harley III**                represented by **Jennifer Ellen Blain**
                                                      (See above for address)

*ATTORNEY TO BE NOTICED*

**Sarah Sheive Normand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steven LNU**                        represented by   **Jennifer Ellen Blain**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Sheive Normand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael LNU**                        represented by   **Jennifer Ellen Blain**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Sheive Normand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gregg Grossoehmig**                    represented by   **Jennifer Ellen Blain**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Sheive Normand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Weysan Dun**                        represented by   **Jennifer Ellen Blain**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Sheive Normand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**James C. Langenberg**      represented by   **Jennifer Ellen Blain**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Sheive Normand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Does 1-9, 11-13**      represented by   **Jennifer Ellen Blain**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Sheive Normand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe 10**      represented by   **Jennifer Ellen Blain**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Sheive Normand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Loretta E. Lynch**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/01/2013 | 1 | COMPLAINT against Rand Beers, James Comey, John Doe, Sanya Garcia, John LNU, Christopher M. Piehota, John S. Pistole, "John" Tanzin. (Filing Fee $ 350.00, Receipt Number 465401078011)Document filed by Muhammad Tanvir.(cde) (Entered: 10/02/2013) |
| 10/01/2013 | | SUMMONS ISSUED as to Rand Beers, James Comey, John Doe, Sanya Garcia, John LNU, Christopher M. Piehota, John S. Pistole, "John" Tanzin. (cde) (Entered: 10/02/2013) |
| 10/01/2013 | | Magistrate Judge Ronald L. Ellis is so designated. (cde) (Entered: 10/02/2013) |
| 10/01/2013 | | Case Designated ECF. (cde) (Entered: 10/02/2013) |
| 10/03/2013 | 2 | ORDER AND NOTICE OF INITIAL CONFERENCE: Initial Conference set for 12/13/2013 at 03:45 PM in Courtroom 1506, 40 Centre Street, New York, NY 10007 |

Case 23-7188, Document 18, 05/09/2023, 3512562, Page18 of 65

| | | |
|---|---|---|
| | | before Judge Ronnie Abrams. By December 6, 2013, the parties are ordered to submit a joint letter, not to exceed 5 pages, providing the information further set forth in this Order. By December 6, 2013, the parties are ordered to jointly submit to the Court a proposed case management plan and scheduling order. Plaintiff is ordered to serve Defendants with a copy of this order and to file an affidavit on ECF certifying that such service has been effectuated. (Signed by Judge Ronnie Abrams on 10/3/2013) (tn) (Entered: 10/04/2013) |
| 10/05/2013 | 3 | NOTICE OF APPEARANCE by Ramzi Kassem on behalf of Muhammad Tanvir. (Kassem, Ramzi) (Entered: 10/05/2013) |
| 10/17/2013 | 4 | NOTICE OF APPEARANCE by Susan Shanke Hu on behalf of Muhammad Tanvir. (Hu, Susan) (Entered: 10/17/2013) |
| 12/03/2013 | 5 | NOTICE OF APPEARANCE by Sarah Sheive Normand on behalf of Rand Beers, James Comey, John Doe, Sanya Garcia, John LNU, Christopher M. Piehota, John S. Pistole, "John" Tanzin. (Normand, Sarah) (Entered: 12/03/2013) |
| 12/03/2013 | 6 | LETTER MOTION to Adjourn Conference addressed to Judge Ronnie Abrams from AUSA Sarah S. Normand dated 12/03/2013., LETTER MOTION for Extension of Time to File Answer addressed to Judge Ronnie Abrams from AUSA Sarah S. Normand dated 12/03/2013. Document filed by Rand Beers, James Comey, John Doe, Sanya Garcia, John LNU, Christopher M. Piehota, John S. Pistole, "John" Tanzin. (Normand, Sarah) (Entered: 12/03/2013) |
| 12/05/2013 | 7 | ORDER granting 6 Letter Motion to Adjourn Conference; granting 6 Letter Motion for Extension of Time to Answer re 1 Complaint. Application granted. The conference scheduled for December 13, 2013, is adjourned. After Plaintiff files his amended complaint, the parties shall submit a proposed Revised Scheduling Order as described above. Rand Beers answer due 3/31/2014; James Comey answer due 3/31/2014; Christopher M. Piehota answer due 3/31/2014. (Signed by Judge Ronnie Abrams on 12/5/2013) (cd) (Entered: 12/05/2013) |
| 12/05/2013 | 8 | NOTICE OF APPEARANCE by Diala Shamas on behalf of Muhammad Tanvir. (Shamas, Diala) (Entered: 12/05/2013) |
| 03/07/2014 | 9 | ORDER. The parties shall submit a joint status letter by March 21, 2014. That letter shall state a date by which Plaintiff seeks to file an amended complaint. (Signed by Judge Ronnie Abrams on 3/7/2014) (rjm) (Entered: 03/10/2014) |
| 03/21/2014 | 10 | STATUS REPORT. *Joint* Document filed by Rand Beers, James Comey, John Doe, Sanya Garcia, John LNU, Christopher M. Piehota, John S. Pistole, Muhammad Tanvir, "John" Tanzin.(Kassem, Ramzi) (Entered: 03/21/2014) |

| 03/24/2014 | 11 | MEMO ENDORSEMENT on re: 10 Status Report filed by James Comey, John LNU, Rand Beers, John Doe, Sanya Garcia, John S. Pistole, "John" Tanzin, Muhammad Tanvir, Christopher M. Piehota. ENDORSEMENT: Plaintiff shall file an amended complaint by April 22, 2014, and Defendants will have sixty days from the filing of any amended complaint to respond. An initial pretrial conference is scheduled for 10:15 a.m. on June 27, 2014. By June 20, 2014, the parties shall file their pre conference submissions, which are described in theCourt's October 3, 2013 Order. So ordered. (Amended Pleadings due by 4/22/2014.), (Initial Conference set for 6/27/2014 at 10:15 AM before Judge Ronnie Abrams.) (Signed by Judge Ronnie Abrams on 3/24/2014) (rjm) (Entered: 03/25/2014) |
| --- | --- | --- |
| 04/22/2014 | 12 | NOTICE OF APPEARANCE by Robert N. Shwartz on behalf of Muhammad Tanvir, Jameel Algibhah, Naveed Shiwnari, Awais Sajjad. (Shwartz, Robert) (Entered: 04/22/2014) |
| 04/22/2014 | 13 | NOTICE OF APPEARANCE by Jennifer R. Cowan on behalf of Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir. (Cowan, Jennifer) (Entered: 04/22/2014) |
| 04/22/2014 | 14 | NOTICE OF APPEARANCE by Rushmi Bhaskaran on behalf of Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir. (Bhaskaran, Rushmi) (Entered: 04/22/2014) |
| 04/22/2014 | 15 | FIRST AMENDED COMPLAINT amending 1 Complaint against James Comey, Sanya Garcia, John LNU, Christopher M. Piehota, "John" Tanzin, Eric H. Holder, Jeh C. Johnson, Francisco Artousa, Michael Rutkowski, William Gale, John C. Harley III, Steven LNU, Michael LNU, Gregg Grossoehmig, Weysan Dun, James C. Langenberg, John Does 1-9, 11-13, John Doe 10.Document filed by Naveed Shiwnari, Jameel Algibhah, Muhammad Tanvir, Awais Sajjad. Related document: 1 Complaint filed by Muhammad Tanvir.(Shwartz, Robert) (Entered: 04/22/2014) |
| 04/23/2014 | 16 | ORDER. Plaintiff filed his Amended Complaint in this action on April 22, 2014, and by stipulation of the parties, Defendants have until June 23, 2014, to answer or otherwise respond. It is hereby: ORDERED that an initial pretrial conference is scheduled for 4:00 p.m. on July 11, 2014, in Courtroom 1506 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. The parties' joint preconference submissions, described in the Court's October 3, 2013 Order, shall be due by July 3, 2014. Francisco Artousa answer due 6/23/2014; Rand Beers answer due 6/23/2014; James Comey answer due 6/23/2014; John Doe answer due 6/23/2014; John Doe 10 answer due 6/23/2014; John Does 1-9, 11-13 answer due 6/23/2014; Weysan Dun answer due 6/23/2014; William Gale answer due 6/23/2014; Sanya Garcia answer due 6/23/2014; Gregg Grossoehmig answer due 6/23/2014; John C. Harley III answer due 6/23/2014; Eric H. Holder answer due 6/23/2014; Jeh C. Johnson answer due 6/23/2014; John LNU answer due 6/23/2014; Michael LNU answer due 6/23/2014; Steven LNU answer due 6/23/2014; James C. Langenberg answer due 6/23/2014; Christopher M. Piehota answer due 6/23/2014; John S. Pistole answer due 6/23/2014; Michael Rutkowski answer due 6/23/2014; "John" Tanzin answer due 6/23/2014. (Initial Conference set for 7/11/2014 at 04:00 PM in Courtroom 1506, U.S. Courthouse, 40 Centre Street, New York, NY 10007 before Judge Ronnie Abrams.) (Signed by Judge Ronnie Abrams on 4/23/2014) (rjm) (Entered: 04/23/2014) |

| 06/02/2014 | 17 | REQUEST FOR ISSUANCE OF SUMMONS as to The United States of America; Eric H. Holder, Attorney General of the United States; Jeh C. Johnson, Secretary, Department of Homeland Security; Francisco Artousa, Special Agent, FBI; Michael Rutkowski, Special Agent, FBI; William Gale, Supervisory Special Agent, FBI; Gregg Grossoehmig, Special Agent, FBI; Weysan Dun, Special Agent In Charge, FBI; James C. Langenberg, Assistant Special Agent In Charge, FBI, re: 15 Amended Complaint,,. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir. (Shwartz, Robert) (Entered: 06/02/2014) |
|---|---|---|
| 06/02/2014 | 18 | ELECTRONIC SUMMONS ISSUED as to Francisco Artousa, Weysan Dun, William Gale, Gregg Grossoehmig, Eric H. Holder, Jeh C. Johnson, James C. Langenberg, Michael Rutkowski, U.S. Attorney and U.S. Attorney General. (jom) (Entered: 06/03/2014) |
| 06/11/2014 | 19 | REQUEST FOR ISSUANCE OF SUMMONS as to John C. Harley III, c/o Sarah S. Normand, re: 15 Amended Complaint,,. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir. (Shwartz, Robert) (Entered: 06/11/2014) |
| 06/12/2014 | 20 | ELECTRONIC SUMMONS ISSUED as to John C. Harley III. (lcu) (Entered: 06/12/2014) |
| 06/19/2014 | 21 | LETTER MOTION for Extension of Time addressed to Judge Ronnie Abrams from AUSA Sarah S. Normand dated 06/19/14. Document filed by Francisco Artousa, Rand Beers, James Comey, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" Tanzin.(Normand, Sarah) (Entered: 06/19/2014) |
| 06/20/2014 | 22 | NOTICE OF APPEARANCE by Erol Nazim Gulay on behalf of Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir. (Gulay, Erol) (Entered: 06/20/2014) |
| 06/20/2014 | 23 | LETTER MOTION to Adjourn Conference *Regarding Initial Pretrial Conference and in Response to Sarah S. Normand's Letter of June 19, 2014* addressed to Judge Ronnie Abrams from Robert N. Shwartz dated June 20, 2014. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir.(Shwartz, Robert) (Entered: 06/20/2014) |
| 06/20/2014 | 24 | ORDER granting 21 Letter Motion for Extension of Time: Application granted. The proposed briefing schedule is approved, and the pretrial conference scheduled for July 11, 2014 is adjourned to August 6, 2014 at 1:00 p.m. The parties' joint preconference submissions described in the Court's October 3, 2013 Order, shall be due by July 30, 2014. (Signed by Judge Ronnie Abrams on 6/20/2014) (tn) (Entered: 06/23/2014) |
| 06/20/2014 | | Set/Reset Deadlines: Motions due by 7/28/2014. Responses due by 9/29/2014. Replies due by 10/27/2014. (tn) (Entered: 06/23/2014) |
| 06/20/2014 | | Set/Reset Hearings: Initial Conference set for 8/6/2014 at 01:00 PM before Judge Ronnie Abrams. (tn) (Entered: 06/23/2014) |
| 07/03/2014 | 25 | FIRST LETTER MOTION to Adjourn Conference / *Initial Pretrial Conference to July 31, 2014 or such other date convenient to the Court* / addressed to Judge Ronnie Abrams from Rushmi Bhaskaran, et al. dated July 3, 2014. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir. Return Date set for |

| | | 8/6/2014 at 01:00 PM.(Bhaskaran, Rushmi) (Entered: 07/03/2014) |
|---|---|---|
| 07/08/2014 | 26 | ORDER granting 25 Letter Motion to Adjourn Conference. The conference is rescheduled to 5:15 p.m. on July 31, 2014. Submissions are due by 5 p.m. on July 30, 2014. Initial Conference set for 7/31/2014 at 05:15 PM before Judge Ronnie Abrams. (Signed by Judge Ronnie Abrams on 7/8/2014) (lmb) (Entered: 07/08/2014) |
| 07/23/2014 | 27 | NOTICE OF APPEARANCE by Baher Azmy on behalf of Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir. (Azmy, Baher) (Entered: 07/23/2014) |
| 07/23/2014 | 28 | LETTER MOTION for Leave to File Excess Pages *and Providing Status Update* addressed to Judge Ronnie Abrams from AUSA Ellen Blain dated July 23, 2014. Document filed by Francisco Artousa, Rand Beers, James Comey, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" Tanzin.(Blain, Jennifer) (Entered: 07/23/2014) |
| 07/24/2014 | 29 | ORDER granting 28 Letter Motion for Leave to File Excess Pages. Application granted. So ordered. (Signed by Judge Ronnie Abrams on 7/24/2014) (rjm) (Entered: 07/25/2014) |
| 07/24/2014 | 30 | STIPULATION AND ORDER REGARDING JOHN DOE DEFENDANTS. Plaintiffs and Defendants, by their undersigned counsel, stipulate and agree as follows: The U.S. Attorney's Office shall accept service of process and file a Notice of Appearance as counsel for each of the following Defendants: a. "FNU" (first name unknown) Tanzin; b. John "LNU" (last name unknown); c. Steven "LNU" (last name unknown); d. Michael "LNU" (last name unknown); e. John Doe 1; f. John Doe 2 (who shall proceed for the next phase of this litigation as "John Doe 2/3"); g. John Doe 4; h. John Doe 5; i. John Doe 6; j. John Doe 9; k. John Doe 10; l. John Doe 11; m. John Doe 12; and n. John Doe 13, and as further set forth in this Stipulation and Order. (Signed by Judge Ronnie Abrams on 7/24/2014) (rjm) (Entered: 07/25/2014) |
| 07/25/2014 | 31 | REQUEST FOR ISSUANCE OF SUMMONS as to "FNU" Tanzin; John "LNU"; Steven "LNU"; Michael "LNU"; John Doe 1; John Doe 2/3; John Doe 4; John Doe 5; John Doe 6; John Doe 9; John Doe 10; John Doe 11; John Doe 12; John Doe 13, re: 15 Amended Complaint,,. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir. (Shwartz, Robert) (Entered: 07/25/2014) |
| 07/28/2014 | 32 | ELECTRONIC SUMMONS ISSUED as to John Doe, John Doe 10, John Does 1-9, 11-13, John LNU, Michael LNU, Steven LNU, "John" Tanzin. (laq) (Entered: 07/28/2014) |
| 07/28/2014 | 33 | NOTICE OF APPEARANCE by Sarah Sheive Normand on behalf of Francisco Artousa, Rand Beers, James Comey, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" Tanzin. (Normand, Sarah) (Entered: 07/28/2014) |
| 07/28/2014 | 34 | MOTION to Dismiss for Lack of Jurisdiction . Document filed by Francisco Artousa, Rand Beers, James Comey, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" |

Case 23-718, Document 18, 05/09/2023, 3512562, Page22 of 65

| | | |
|---|---|---|
| | | Tanzin. Responses due by 9/29/2014(Normand, Sarah) (Entered: 07/28/2014) |
| 07/28/2014 | 35 | NOTICE OF APPEARANCE by Jennifer Ellen Blain on behalf of Francisco Artousa, Rand Beers, James Comey, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" Tanzin. (Blain, Jennifer) (Entered: 07/28/2014) |
| 07/28/2014 | 36 | DECLARATION of Deborah Moore in Support re: 34 MOTION to Dismiss for Lack of Jurisdiction .. Document filed by Francisco Artousa, Rand Beers, James Comey, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" Tanzin. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Normand, Sarah) (Entered: 07/28/2014) |
| 07/28/2014 | 37 | MEMORANDUM OF LAW in Support re: 34 MOTION to Dismiss for Lack of Jurisdiction . . Document filed by Francisco Artousa, Rand Beers, James Comey, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" Tanzin. (Normand, Sarah) (Entered: 07/28/2014) |
| 07/28/2014 | 38 | MOTION to Dismiss . Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin.(Blain, Jennifer) (Entered: 07/28/2014) |
| 07/28/2014 | 39 | MEMORANDUM OF LAW in Support re: 38 MOTION to Dismiss . . Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin. (Blain, Jennifer) (Entered: 07/28/2014) |
| 07/28/2014 | 40 | DECLARATION of Deborah Moore in Support re: 38 MOTION to Dismiss .. Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Blain, Jennifer) (Entered: 07/28/2014) |
| 07/28/2014 | 41 | DECLARATION of Sarah S. Normand in Support re: 38 MOTION to Dismiss .. Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin. (Blain, Jennifer) (Entered: 07/28/2014) |
| 07/28/2014 | 42 | DECLARATION of John Doe 1 in Support re: 38 MOTION to Dismiss .. Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin. (Blain, Jennifer) (Entered: 07/28/2014) |

| 07/28/2014 | 43 | DECLARATION of John Doe 6 in Support re: 38 MOTION to Dismiss .. Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin. (Blain, Jennifer) (Entered: 07/28/2014) |
|---|---|---|
| 07/28/2014 | 44 | DECLARATION of Weysan Dun in Support re: 38 MOTION to Dismiss .. Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin. (Blain, Jennifer) (Entered: 07/28/2014) |
| 07/28/2014 | 45 | DECLARATION of Gregg Grossoehmig in Support re: 38 MOTION to Dismiss .. Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin. (Blain, Jennifer) (Entered: 07/28/2014) |
| 07/28/2014 | 46 | DECLARATION of John C. Harley, III in Support re: 38 MOTION to Dismiss .. Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin. (Blain, Jennifer) (Entered: 07/28/2014) |
| 07/28/2014 | 47 | DECLARATION of James Langenberg in Support re: 38 MOTION to Dismiss .. Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin. (Blain, Jennifer) (Entered: 07/28/2014) |
| 07/28/2014 | 48 | DECLARATION of Michael LNU in Support re: 38 MOTION to Dismiss .. Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin. (Blain, Jennifer) (Entered: 07/28/2014) |
| 07/28/2014 | 49 | DECLARATION of Steven LNU in Support re: 38 MOTION to Dismiss .. Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin. (Blain, Jennifer) (Entered: 07/28/2014) |
| 07/28/2014 | 50 | DECLARATION of John Doe 12 in Support re: 38 MOTION to Dismiss .. Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin. (Blain, Jennifer) (Entered: 07/28/2014) |
| 07/30/2014 | 51 | LETTER addressed to Judge Ronnie Abrams from Robert N. Shwartz and Sarah S. Normand dated July 30, 2014 re: Joint Status Letter. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir.(Shwartz, Robert) (Entered: 07/30/2014) |

| 07/30/2014 | 52 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint,,. John Doe 10 served on 7/28/2014, answer due 6/23/2014; John Does 1-9, 11-13 served on 7/28/2014; John LNU served on 7/28/2014, answer due 6/23/2014; Michael LNU served on 7/28/2014, answer due 6/23/2014; Steven LNU served on 7/28/2014, answer due 6/23/2014; "John" Tanzin served on 7/28/2014, answer due 6/23/2014. Service was accepted by Lisa Ahearn, Civil Clerk at the U.S. Attorney's Office. Document filed by Naveed Shiwnari; Muhammad Tanvir; Awais Sajjad; Jameel Algibhah. (Shwartz, Robert) (Entered: 07/30/2014) |
|---|---|---|
| 07/31/2014 | | Minute Entry for proceedings held before Judge Ronnie Abrams: Initial Pretrial Conference held on 7/31/2014. (arc) (Entered: 08/01/2014) |
| 08/11/2014 | 53 | LETTER addressed to Judge Ronnie Abrams from Rushmi Bhaskaran dated 08/11/2014 re: Plaintiffs write to inform the Court that they will not, at this time, seek leave to amend the First Amended Complaint. Document filed by Muhammad Tanvir. (Bhaskaran, Rushmi) (Entered: 08/11/2014) |
| 08/19/2014 | 54 | LETTER MOTION for Extension of Time *to Serve Defendants John Doe 7 and John Doe 8* addressed to Judge Ronnie Abrams from Robert N. Shwartz dated August 19th, 2014. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir.(Shwartz, Robert) (Entered: 08/19/2014) |
| 08/20/2014 | 55 | ORDER granting 54 Letter Motion for Extension of Time: APPLICATION GRANTED. (Signed by Judge Ronnie Abrams on 8/20/2014) (tn) (Entered: 08/20/2014) |
| 08/25/2014 | 56 | LETTER MOTION for Local Rule 37.2 Conference *and Order permitting Plaintiffs to take limited jurisdictional discovery from eight Defendants* addressed to Judge Ronnie Abrams from Robert N. Shwartz dated August 25, 2014. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir.(Shwartz, Robert) (Entered: 08/25/2014) |
| 08/26/2014 | 57 | LETTER MOTION for Extension of Time to File Response/Reply *to Plaintiff's August 25, 2014, Letter-Motion* addressed to Judge Ronnie Abrams from AUSA Ellen Blain dated August 26, 2014. Document filed by John Does 1-9, 11-13, Weysan Dun, Gregg Grossoehmig, John C. Harley III, Michael LNU, Steven LNU, James C. Langenberg. (Blain, Jennifer) (Entered: 08/26/2014) |
| 08/26/2014 | 58 | ORDER granting 57 Letter Motion for Extension of Time to File Response/Reply re 57 LETTER MOTION for Extension of Time to File Response/Reply *to Plaintiff's August 25, 2014, Letter-Motion* addressed to Judge Ronnie Abrams from AUSA Ellen Blain dated August 26, 2014. Application Granted. SO ORDERED. Responses due by 9/2/2014. (Signed by Judge Ronnie Abrams on 8/26/2014) (ama) (Entered: 08/26/2014) |
| 08/29/2014 | 59 | NOTICE OF APPEARANCE by Christopher Sean Ford on behalf of Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir. (Ford, Christopher) (Entered: 08/29/2014) |
| 08/29/2014 | 60 | NOTICE OF APPEARANCE by Rebecca Sue Hekman on behalf of Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir. (Hekman, Rebecca) (Entered: 08/29/2014) |

| 08/29/2014 | 61 | NOTICE of Withdrawal of Representation. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir. (Hu, Susan) (Entered: 08/29/2014) |
|---|---|---|
| 09/02/2014 | 62 | LETTER addressed to Judge Ronnie Abrams from AUSA Ellen Blain dated September 2, 2014 re: Plaintiffs' August 25, 2014, Letter-motion. Document filed by John Does 1-9, 11-13, Weysan Dun, Gregg Grossoehmig, John C. Harley III, Michael LNU, Steven LNU, James C. Langenberg.(Blain, Jennifer) (Entered: 09/02/2014) |
| 09/04/2014 | 63 | LETTER addressed to Judge Ronnie Abrams from Robert N. Shwartz of Debevoise & Plimpton LLP dated 9/4/14 re: jurisdictional discovery. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir.(Shwartz, Robert) (Entered: 09/04/2014) |
| 09/05/2014 | 64 | MEMO ENDORSEMENT on re: 61 Notice (Other) filed by Awais Sajjad, Muhammad Tanvir, Naveed Shiwnari, Jameel Algibhah. ENDORSEMENT: The Clerk of Court is respectfully requested to remove Ms. Hu as counsel of record in this case. SO ORDERED. Attorney Susan Shanke Hu terminated. (Signed by Judge Ronnie Abrams on 9/5/2014) (ajs) (Entered: 09/05/2014) |
| 09/05/2014 | 65 | LETTER RESPONSE in Opposition to Motion addressed to Judge Ronnie Abrams from AUSAs Sarah S. Normand and Ellen Blain dated 09/05/14 re: 56 LETTER MOTION for Local Rule 37.2 Conference *and Order permitting Plaintiffs to take limited jurisdictional discovery from eight Defendants* addressed to Judge Ronnie Abrams from Robert N. Shwartz dated August 25, 2014. . Document filed by John Does 1-9, 11-13, Weysan Dun, Gregg Grossoehmig, John C. Harley III, Michael LNU, Steven LNU, James C. Langenberg. (Normand, Sarah) (Entered: 09/05/2014) |
| 09/09/2014 | 66 | ORDER granting 56 Letter Motion for Local Rule 37.2 Conference. As set forth within, it is hereby ORDERED that a conference is scheduled for 11 a.m. on September 16, 2014 in Courtroom 1506 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. SO ORDERED. Status Conference set for 9/16/2014 at 11:00 AM in Courtroom 1506, 40 Centre Street, New York, NY 10007 before Judge Ronnie Abrams. (Signed by Judge Ronnie Abrams on 9/9/2014) (ajs) (Entered: 09/10/2014) |
| 09/16/2014 | | Minute Entry for proceedings held before Judge Ronnie Abrams: Status Conference held on 9/16/2014. (Court Reporter Sam Mauro) (arc) (Entered: 09/16/2014) |
| 09/22/2014 | 67 | LETTER MOTION for Extension of Time *re Defendants' Motion to Dismiss* addressed to Judge Ronnie Abrams from Robert N. Shwartz dated September 22, 2014. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir.(Shwartz, Robert) (Entered: 09/22/2014) |
| 09/23/2014 | 68 | MEMO ENDORSED ORDER granting 67 Letter Motion for Extension of Time. ENDORSEMENT: SO ORDERED. (Signed by Judge Ronnie Abrams on 9/23/2014) (ajs) (Entered: 09/23/2014) |
| 09/23/2014 | | Set/Reset Deadlines: Responses due by 11/13/2014. Replies due by 12/18/2014. (ajs) (Entered: 09/23/2014) |
| 09/24/2014 | 69 | TRANSCRIPT of Proceedings re: ARGUMENT held on 9/16/2014 before Judge Ronnie Abrams. Court Reporter/Transcriber: Samuel Mauro, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court |

| | | |
|---|---|---|
| | | Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/20/2014. Redacted Transcript Deadline set for 10/30/2014. Release of Transcript Restriction set for 12/29/2014.(McGuirk, Kelly) (Entered: 09/24/2014) |
| 09/24/2014 | 70 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 9/16/2014 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days... (McGuirk, Kelly) (Entered: 09/24/2014) |
| 11/12/2014 | 71 | LETTER MOTION for Leave to File Excess Pages re Plaintiffs' opposition to Defendants' two motions to dismiss addressed to Judge Ronnie Abrams from Rushmi Bhaskaran dated November 12, 2014. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir.(Bhaskaran, Rushmi) (Entered: 11/12/2014) |
| 11/13/2014 | 72 | ORDER granting 71 Letter Motion for Leave to File Excess Pages. APPLICATION GRANTED. SO ORDERED. (Signed by Judge Ronnie Abrams on 11/13/2014) (ajs) (Entered: 11/13/2014) |
| 11/13/2014 | 73 | MEMORANDUM OF LAW in Opposition re: 34 MOTION to Dismiss for Lack of Jurisdiction ., 38 MOTION to Dismiss . Plaintiffs' Memorandum of Law In Opposition to Defendants' Motions to Dismiss. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir. (Shwartz, Robert) (Entered: 11/13/2014) |
| 11/13/2014 | 74 | DECLARATION of Rushmi Bhaskaran in Opposition re: 34 MOTION to Dismiss for Lack of Jurisdiction ., 38 MOTION to Dismiss .. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir. (Attachments: # 1 Exhibit A, # 2 Exhibit B (Part 1 of 5), # 3 Exhibit B (Part 2 of 5), # 4 Exhibit B (Part 3 of 5), # 5 Exhibit B (Part 4 of 5), # 6 Exhibit B (Part 5 of 5), # 7 Exhibit C, # 8 Exhibit D (Part 1 of 6), # 9 Exhibit D (Part 2 of 6), # 10 Exhibit D (Part 3 of 6), # 11 Exhibit D (Part 4 of 6), # 12 Exhibit D (Part 5 of 6), # 13 Exhibit D (Part 6 of 6), # 14 Exhibit E, # 15 Exhibit F, # 16 Exhibit G, # 17 Exhibit H, # 18 Exhibit I (Part 1 of 4), # 19 Exhibit I (Part 2 of 4), # 20 Exhibit I (Part 3 of 4), # 21 Exhibit I (Part 4 of 4), # 22 Exhibit J, # 23 Exhibit K, # 24 Exhibit L, # 25 Exhibit M)(Bhaskaran, Rushmi) (Entered: 11/13/2014) |
| 12/03/2014 | 75 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Ronnie Abrams from AUSA Sarah S. Normand dated 12/03/2014. Document filed by Francisco Artousa, Rand Beers, James Comey, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" Tanzin.(Normand, Sarah) (Entered: 12/03/2014) |
| 12/03/2014 | 76 | ORDER granting 75 Letter Motion for Extension of Time to File Response/Reply. APPLICATION GRANTED. SO ORDERED. Replies due by 1/22/2015. (Signed by Judge Ronnie Abrams on 12/3/2014) (ajs) (Entered: 12/03/2014) |

Case 23-731, Document 18, 05/09/2023, 3512562, Page27 of 65

| 12/17/2014 | [77](#) | LETTER MOTION for Extension of Time *to serve Defendants John Doe 7 and John Doe 8* addressed to Judge Ronnie Abrams from Erol N. Gulay dated December 17, 2014. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir.(Gulay, Erol) (Entered: 12/17/2014) |
| 12/18/2014 | [78](#) | ORDER granting [77](#) Letter Motion for Extension of Time. The deadline to serve John Does 7 and 8 is extended through 30 days after the pending motions to dismiss. SO ORDERED. (Signed by Judge Ronnie Abrams on 12/18/2014) (ajs) (Entered: 12/19/2014) |
| 01/21/2015 | [79](#) | LETTER MOTION for Leave to File Excess Pages *in Support of Motions to Dismiss* addressed to Judge Ronnie Abrams from AUSA Ellen Blain dated January 21, 2015. Document filed by Francisco Artousa, Rand Beers, James Comey, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" Tanzin.(Blain, Jennifer) (Entered: 01/21/2015) |
| 01/21/2015 | [80](#) | ORDER granting [79](#) Letter Motion for Leave to File Excess Pages for Defendants' respective reply memoranda of law in further support of their coordinated motions to dismiss the amended complaint. APPLICATION GRANTED. (Signed by Judge Ronnie Abrams on 1/21/2015) (spo) (Entered: 01/21/2015) |
| 01/22/2015 | [81](#) | REPLY MEMORANDUM OF LAW in Support re: [34](#) MOTION to Dismiss for Lack of Jurisdiction . . Document filed by Francisco Artousa, Rand Beers, James Comey, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" Tanzin. (Normand, Sarah) (Entered: 01/22/2015) |
| 01/22/2015 | [82](#) | REPLY MEMORANDUM OF LAW in Support re: [38](#) MOTION to Dismiss . . Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin. (Blain, Jennifer) (Entered: 01/22/2015) |
| 01/29/2015 | [83](#) | LETTER MOTION for Conference re: [34](#) MOTION to Dismiss for Lack of Jurisdiction ., [38](#) MOTION to Dismiss . //*Letter from Robert N. Shwartz of Debevoise & Plimpton LLP to the Honorable Judge Abrams requesting that the Court schedule oral argument on the Defendants' motions to dismiss* addressed to Judge Ronnie Abrams from Robert N. Shwartz dated 1/29/15. Document filed by Jameel Algibhah, Naveed Shiwnari, Muhammad Tanvir.(Shwartz, Robert) (Entered: 01/29/2015) |
| 04/08/2015 | [84](#) | ORDER granting [83](#) Letter Motion for Conference. Application granted. Oral argument is scheduled for May 14, 2015 at 10:30 a.m. SO ORDERED. Oral Argument set for 5/14/2015 at 10:30 AM before Judge Ronnie Abrams. (Signed by Judge Ronnie Abrams on 4/8/2015) (ajs) (Entered: 04/09/2015) |
| 04/13/2015 | [85](#) | NOTICE of Revised Redress Procedures. Document filed by James Comey, Eric H. Holder, Jeh C. Johnson, Christopher M. Piehota. (Normand, Sarah) (Entered: 04/13/2015) |

Case 23-7338, Document 13, 05/09/2023, 3512562, Page28 of 65

| 04/16/2015 | 86 | LETTER MOTION to Adjourn Conference /*Oral Argument* addressed to Judge Ronnie Abrams from AUSA Sarah S. Normand dated 04/16/15. Document filed by Francisco Artousa, Rand Beers, James Comey, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" Tanzin.(Normand, Sarah) (Entered: 04/16/2015) |
|---|---|---|
| 04/16/2015 | 87 | ORDER granting 86 LETTER MOTION to Adjourn Conference/Oral Argument addressed to Judge Ronnie Abrams from AUSA Sarah S. Normand dated 04/16/15. Document filed by Francisco Artousa, Rand Beers, James Comey, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" Tanzin. Application granted. Oral argument is adjourned until June 12, 2015 at 2:00 p.m. So ordered. (Oral Argument set for 6/12/2015 at 02:00 PM before Judge Ronnie Abrams). (Signed by Judge Ronnie Abrams on 4/16/2015) (rjm) (Entered: 04/17/2015) |
| 05/04/2015 | 88 | LETTER addressed to Judge Ronnie Abrams from AUSA Ellen Blain dated May 4, 2015 re: Status Update. Document filed by James Comey, Eric H. Holder, Jeh C. Johnson, Christopher M. Piehota, John S. Pistole. (Attachments: # 1 Supplement Courtesy Copy)(Blain, Jennifer) (Entered: 05/04/2015) |
| 06/01/2015 | 89 | MOTION to Stay *Official Capacity Claims*. Document filed by Francisco Artousa, Rand Beers, James Comey, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" Tanzin.(Normand, Sarah) (Entered: 06/01/2015) |
| 06/01/2015 | 90 | MEMORANDUM OF LAW in Support re: 89 MOTION to Stay *Official Capacity Claims*. . Document filed by Francisco Artousa, Rand Beers, James Comey, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, "John" Tanzin. (Normand, Sarah) (Entered: 06/01/2015) |
| 06/03/2015 | 91 | LETTER addressed to Judge Ronnie Abrams from Rushmi Bhaskaran dated June 3, 2015 re: Response to the Government's June 1, 2015 Motion for a Limited Stay of Proceedings with Regard to Plaintiffs' Official Capacity Claims. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir.(Bhaskaran, Rushmi) (Entered: 06/03/2015) |
| 06/10/2015 | 92 | LETTER addressed to Judge Ronnie Abrams from Robert N. Shwartz dated June 10, 2015 re: withdrawing Plaintiffs' opposition to the Government's Motion for a Limited Stay of Proceedings, and consenting to a stay. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir.(Shwartz, Robert) (Entered: 06/10/2015) |
| 06/10/2015 | 93 | ORDER deferring ruling on 34 Motion to Dismiss for Lack of Jurisdiction; granting 89 Motion to Stay. In view of the foregoing, Defendant's motion for a stay of the |

| | | |
|---|---|---|
| | | Official Capacity Claims is GRANTED. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 89 and stay the motion pending at Dkt. 34. Oral argument on Defendants' motion to dismiss the claims made against them in their personal capacities, see Dkt. 39, will proceed as scheduled on June 12, 2015 at 2 p.m. in Courtroom 1506, 40 Foley Square. SO ORDERED. (Signed by Judge Ronnie Abrams on 6/10/2015) (ajs) (Entered: 06/10/2015) |
| 06/12/2015 | | Minute Entry for proceedings held before Judge Ronnie Abrams: Oral Argument held on 6/12/2015 re: 38 MOTION to Dismiss . filed by John LNU, John Doe, John Does 1-9, 11-13, James C. Langenberg, Weysan Dun, Gregg Grossoehmig, John C. Harley III, John Doe 10, Sanya Garcia, "John" Tanzin, William Gale, Francisco Artousa, Steven LNU, Michael LNU, Michael Rutkowski. (Court Reporter Sabrina Demidio) (arc) (Entered: 06/12/2015) |
| 06/29/2015 | 94 | TRANSCRIPT of Proceedings re: hearing held on 6/12/2015 before Judge Ronnie Abrams. Court Reporter/Transcriber: Sabrina D'Emidio, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/23/2015. Redacted Transcript Deadline set for 8/3/2015. Release of Transcript Restriction set for 10/1/2015.(McGuirk, Kelly) (Entered: 06/29/2015) |
| 06/29/2015 | 95 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a HEARING proceeding held on 6/12/2015 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days... (McGuirk, Kelly) (Entered: 06/29/2015) |
| 07/06/2015 | 96 | LETTER addressed to Judge Ronnie Abrams from AUSA Sarah S. Normand dated 07/06/15 re: Second Circuit's Decision in Turkmen v. Hasty. Document filed by Francisco Artousa, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin.(Normand, Sarah) (Entered: 07/06/2015) |
| 07/14/2015 | 97 | LETTER addressed to Judge Ronnie Abrams from Diala Shamas dated July 14, 2015 re: Second Circuit's Decision in Turkmen v. Hasty. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shwnari, Muhammad Tanvir.(Shamas, Diala) (Entered: 07/14/2015) |
| 07/14/2015 | 98 | LETTER addressed to Judge Ronnie Abrams from Robert N. Shwartz dated 7/14/15 re: Post Argument Letter. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir.(Shwartz, Robert) (Entered: 07/14/2015) |
| 07/31/2015 | 99 | LETTER addressed to Judge Ronnie Abrams from Rebecca S. Hekman dated July 31, 2015 re: Withdrawal of RSHekman from case. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir.(Hekman, Rebecca) (Entered: 07/31/2015) |
| 07/31/2015 | 100 | LETTER addressed to Judge Ronnie Abrams from AUSA Ellen Blain dated July 31, 2015 re: Plaintiffs' July 14, 2015, Letters. Document filed by Francisco Artousa, John |

| | | |
|---|---|---|
| | | Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Michael Rutkowski, "John" Tanzin.(Blain, Jennifer) (Entered: 07/31/2015) |
| 07/31/2015 | 101 | MEMO ENDORSEMENT on re: 99 Letter filed by Awais Sajjad, Muhammad Tanvir, Naveed Shiwnari, Jameel Algibhah, re: Withdrawal of RS Hekman from case. ENDORSEMENT: SO ORDERED. Attorney Rebecca Sue Hekman terminated. (Signed by Judge Ronnie Abrams on 7/31/2015) (ajs) (Entered: 07/31/2015) |
| 08/14/2015 | 102 | LETTER addressed to Judge Ronnie Abrams from Christopher S. Ford dated August 14, 2015 re: Withdrawal of Christopher S. Ford. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shiwnari, Muhammad Tanvir.(Ford, Christopher) (Entered: 08/14/2015) |
| 08/18/2015 | 103 | MEMO ENDORSEMENT on re: 102 Letter filed by Awais Sajjad, Muhammad Tanvir, Naveed Shiwnari, Jameel Algibhah, re: Withdrawal of Christopher S. Ford. ENDORSEMENT: SO ORDERED. Attorney Christopher Sean Ford terminated. (Signed by Judge Ronnie Abrams on 8/18/2015) (ajs) (Entered: 08/18/2015) |
| 09/03/2015 | 104 | OPINION & ORDER #105808 re: 38 MOTION to Dismiss filed by John LNU, John Doe, John Does 1-9, 11-13, James C. Langenberg, Weysan Dun, Gregg Grossoehmig, John C. Harley III, John Doe 10, Sanya Garcia, "John" Tanzin, William Gale, Francisco Artousa, Steven LNU, Michael LNU, Michael Rutkowski. Although federal law imposes limits on the investigative tactics federal officials may employ in seeking to keep this nation safe, it also establishes limits on the manner in which an individual may vindicate his rights should those tactics cross the line. For the reasons stated, the law does not permit Plaintiffs to seek damages against the Agents in their personal capacities either under Bivens or RFRA. Accordingly, the Agents' motion to dismiss is GRANTED and the claims against FNU Tanzin, Sanya Garcia, Francisco Artusa, John LNU, Michael Rutowski, William Gale, John C. Harley III, Steven LNU, Michael LNU, Gregg Grossochmig, Weysan Dun, James C. Langenberg, John Does 1-6 and 9-13 in their personal capacities are dismissed. The Court on its own motion also dismisses all personal capacity claims against John Does 7 and 8. See Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 26 n.6 (2d Cir. 1990). As previously noted, this opinion does not address the viability of Plaintiffs' official capacity claims and thus expresses no opinion on the merits of their arguments concerning the manner in which individuals are added to the No Fly List or the mechanisms for challenging such inclusion. The parties are directed to submit a joint letter to the Court within 30 days advising how they wish to proceed with respect to those claims. (As further set forth in this Order.) (Signed by Judge Ronnie Abrams on 9/3/2015) (kko) Modified on 9/3/2015 (soh). (Entered: 09/03/2015) |
| 10/05/2015 | 105 | LETTER addressed to Judge Ronnie Abrams from Robert N. Shwartz dated October 5, 2015 re: official capacity claims. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shinwari, Muhammad Tanvir.(Shwartz, Robert) (Entered: 10/05/2015) |
| 12/14/2015 | 106 | MEMO ENDORSEMENT on re: 105 Letter re: Official capacity claims, filed by Awais Sajjad, Muhammad Tanvir, Naveed Shinwari, Jameel Algibhah. ENDORSEMENT: On December 11, 2015, the Second Circuit Court of Appeals denied a petition to rehear en bane the panel decision in Turkmen v. Hasty, on which this Court relied in its September 3, 2015 Opinion & Order. In light of this |

| | | |
|---|---|---|
| | | development, the parties shall submit a joint letter no later than December 18, 2015 indicating whether they still plan to submit a proposed order and judgment to the Court and, if so, when they expect to make such a submission. So ordered. (Signed by Judge Ronnie Abrams on 12/14/2015) (spo) (Entered: 12/15/2015) |
| 12/18/2015 | [107](#) | NOTICE OF APPEARANCE by Naz Ahmad on behalf of Jameel Algibhah, Awais Sajjad, Naveed Shinwari, Muhammad Tanvir. (Ahmad, Naz) (Entered: 12/18/2015) |
| 12/18/2015 | [108](#) | LETTER addressed to Judge Ronnie Abrams from Shayana Kadidal dated 12/18/2015 re: Joint letter submitting competing proposed orders and judgments from Plaintiffs and Defendants. Document filed by Jameel Algibhah, Francisco Artousa, Rand Beers, James Comey, John Doe, John Doe 10, John Does 1-9, 11-13, Weysan Dun, William Gale, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, Eric H. Holder, Jeh C. Johnson, John LNU, Michael LNU, Steven LNU, James C. Langenberg, Loretta E. Lynch, Christopher M. Piehota, John S. Pistole, Michael Rutkowski, Awais Sajjad, Naveed Shinwari, Muhammad Tanvir, "John" Tanzin. (Attachments: # [1](#) Plaintiffs' proposed order, # [2](#) Government's proposed order)(Kadidal, Shayana) (Entered: 12/18/2015) |
| 12/28/2015 | [109](#) | ORDER: The Court agrees with Defendants that Plaintiffs' proposed order is unnecessarily overinclusive. To the extent members of the public seek information regarding why Plaintiffs agreed to voluntarily dismiss their official capacity claims without prejudice, they may review the December 18 letter and other filings made in this lawsuit. The Court currently takes no position regarding the viability of Plaintiffs' possible motion for attorneys' fees and costs. Because the parties agree that Plaintiffs' official capacity claims against Defendants may be dismissed without prejudice, the Court so dismisses them. The Clerk of Court is respectfully directed to enter final judgment in favor of Defendants. Plaintiffs may have until January 29, 2016 to move for attorneys' fees and costs. If no motion is filed by that date, this action will be terminated on the docket. (As further set forth in this Order.) (Signed by Judge Ronnie Abrams on 12/28/2015) (spo) (Entered: 12/28/2015) |
| 01/29/2016 | [110](#) | NOTICE of (letter responding to Dec. 28, 2015 order of Court setting deadline for Plaintiffs to move for attorneys' fees and costs). Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shinwari, Muhammad Tanvir. (Kadidal, Shayana) (Entered: 01/29/2016) |
| 02/01/2016 | [111](#) | ORDER: On September 3, 2015, the Court dismissed Plaintiffs' individual capacity claims against Defendants FNU Tanzin, Sanya Garcia, Francisco Artusa, John LNU, Michael Rutkowski, William Gale, John C. Harley III, Steven LNU, Michael LNU, Gregg Grossoehmig, Weysan Dun, James C. Langenberg, and John Does 1-13. See Dkt. 104. On December 28, 2015, the Court-on consent of the parties-dismissed without prejudice Plaintiffs' remaining official capacity claims. See Dkt. 109. The December 28 Order noted that unless Plaintiffs moved for attorneys' fees and costs by January 29, 2016, "this action will be terminated on the docket." Id. at 3. On January 29, 2016, Plaintiffs informed the Court that they "will not seek an award of fees and costs at this stage of the litigation." Dkt. 110. The Clerk of Court is accordingly respectfully directed to enter final judgment in favor of Defendants and to terminate this action. (Signed by Judge Ronnie Abrams on 2/1/2016) (cf) (Entered: 02/01/2016) |
| 02/01/2016 | | Terminate Transcript Deadlines (cf) (Entered: 02/01/2016) |

| 02/01/2016 | | Transmission to Judgments and Orders Clerk. Transmitted re: <u>111</u> Order to the Judgments and Orders Clerk. (cf) (Entered: 02/16/2016) |
|---|---|---|
| 02/17/2016 | <u>112</u> | CLERK'S JUDGMENT: That for the reasons stated in the Court's Order dated February 1, 2016, final judgment is hereby entered in favor of Defendants and the action is terminated. (Signed by Clerk of Court Ruby Krajick on 2/17/2016) (Attachments: # <u>1</u> Notice ofr Right to Appeal, # <u>2</u> Notice of Right to Appeal)(dt) (Entered: 02/17/2016) |
| 04/18/2016 | <u>113</u> | NOTICE OF APPEAL from <u>112</u> Clerk's Judgment,. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shinwari, Muhammad Tanvir. Filing fee $ 505.00, receipt number 0208-12196892. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # <u>1</u> Exhibit A - 2-17-16 Judgment) (Cowan, Jennifer) (Entered: 04/18/2016) |
| 04/18/2016 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: <u>113</u> Notice of Appeal,. (nd) (Entered: 04/18/2016) |
| 04/18/2016 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for <u>113</u> Notice of Appeal, filed by Awais Sajjad, Muhammad Tanvir, Naveed Shinwari, Jameel Algibhah were transmitted to the U.S. Court of Appeals. (nd) (Entered: 04/18/2016) |
| 05/02/2018 | <u>114</u> | OPINION of USCA (Certified) as to <u>113</u> Notice of Appeal, filed by Awais Sajjad, Muhammad Tanvir, Naveed Shinwari, Jameel Algibhah. USCA Case Number 16-1176. For the reasons stated in the attached opinion, we reverse the judgment of the District Court and remand for further proceedings. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 05/02/2018. (nd) (Entered: 05/02/2018) |
| 05/02/2018 | | Transmission of USCA Opinion to the District Judge re: <u>114</u> USCA Opinion. (nd) (Entered: 05/02/2018) |
| 06/25/2018 | <u>115</u> | AMENDED OPINION of USCA (Certified) as to <u>113</u> Notice of Appeal, filed by Awais Sajjad, Muhammad Tanvir, Naveed Shinwari, Jameel Algibhah. USCA Case Number 16-1176. PlaintiffsAppellants Muhammad Tanvir, Jameel Algibah, and Naveed Shinwari ("Plaintiffs") appeal from a February 17, 2016 final judgment of the United States District Court for the Southern District of New York (Abrams, J.), dismissing their complaint against senior federal law enforcement officials and 25 named and unnamed federal law enforcement officers. The complaint alleged, inter alia, that in retaliation for Plaintiffs' refusal to serve as informants, federal officers improperly placed or retained Plaintiffs' names on the "No Fly List," in violation of Plaintiffs' rights under the First Amendment and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq. ("RFRA"). The complaint sought (1) injunctive and declaratory relief against all defendants in their official capacities for various constitutional and statutory violations, and (2) compensatory and punitive damages from federal law enforcement officers in their individual capacities for violations of their rights under the First Amendment and RFRA. After the parties agreed to stay the official capacity claims, the district court dismissed Plaintiffs' individual capacity claims. As relevant here, the district court held that RFRA does not permit the recovery of money damages against federal officers sued in their individual capacities. Plaintiffs appeal that RFRA determination only. Because we disagree with the district court, and hold that RFRA permits a plaintiff to recover money damages against |

| | | federal officers sued in their individual capacities for violations of RFRA's substantive protections, we reverse the district court's judgment and remand for further proceedings. REVERSED and REMANDED.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 06/25/2018. (nd) (Entered: 06/25/2018) |
|---|---|---|
| 01/16/2019 | 116 | LETTER addressed to Judge Ronnie Abrams from Rushmi Bhaskaran dated January 16, 2019 re: withdrawal as counsel for Plaintiffs. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shinwari, Muhammad Tanvir.(Bhaskaran, Rushmi) (Entered: 01/16/2019) |
| 01/17/2019 | 117 | MEMO ENDORSEMENT on re: 116 Letter filed by Awais Sajjad, Muhammad Tanvir, Naveed Shinwari, Jameel Algibhah. ENDORSEMENT: SO ORDERED. (Attorney Rushmi Bhaskaran terminated.) (Signed by Judge Ronnie Abrams on 1/17/2019) (rro) (Entered: 01/17/2019) |
| 02/19/2020 | 118 | Supreme Court Record Request as to 113 Notice of Appeal, filed by Awais Sajjad, Muhammad Tanvir, Naveed Shinwari, Jameel Algibhah. USCA Case Number 16-1176; SCUS Case Number 19-0071. (tp) (Entered: 02/20/2020) |
| 02/20/2020 | | Appeal Record Sent to SCUS (Electronic File). Certified Indexed record on Appeal Electronic Files for 118 Appeal Remark USCA Case Number 16-1176; SCUS Case Number 19-0071, were transmitted to the Supreme Court of the United States. (tp) Modified on 2/20/2020 (tp). (Entered: 02/20/2020) |
| 06/16/2021 | 119 | MANDATE of USCA (Certified Copy) as to 113 Notice of Appeal, filed by Awais Sajjad, Muhammad Tanvir, Naveed Shinwari, Jameel Algibhah. USCA Case Number 16-1176. IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is REVERSED. The case is REMANDED for further proceedings consistent with this Courts opinion.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 06/16/2021. (Attachments: # 1 Opinion).(nd) (Entered: 06/16/2021) |
| 06/16/2021 | | Transmission of USCA Mandate to the District Judge re: 119 USCA Mandate,..(nd) (Entered: 06/16/2021) |
| 06/17/2021 | 120 | ORDER: Yesterday, the Second Circuit mandate issued in this action, remanding and reinvesting this Court with jurisdiction over this matter. No later than July 16, 2021, the parties shall meet and confer, and submit to the Court a joint letter proposing next steps for this litigation. SO ORDERED. (Signed by Judge Ronnie Abrams on 6/17/2021) (vfr) (Entered: 06/17/2021) |
| 07/16/2021 | 121 | LETTER addressed to Judge Ronnie Abrams from AUSAs Sarah S. Normand and Ellen Blain dated July 16, 2021 re: Joint Proposal for Next Steps and Proposed Briefing Schedule. Document filed by Francisco Artousa, John Does 1-9, 11-13, Weysan Dun, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, "John" Tanzin..(Normand, Sarah) (Entered: 07/16/2021) |

| 07/19/2021 | 122 | MEMO ENDORSEMENT on re: 121 Letter, filed by John LNU, John Does 1-9, 11-13, James C. Langenberg, Weysan Dun, Gregg Grossoehmig, John C. Harley III, Sanya Garcia, "John" Tanzin, Francisco Artousa, Michael LNU, Steven LNU. ENDORSEMENT: Application GRANTED. SO ORDERED. ( Motions due by 10/8/2021., Responses due by 12/17/2021, Replies due by 1/28/2022.) (Signed by Judge Ronnie Abrams on 7/19/2021) (rro) (Entered: 07/19/2021) |
| --- | --- | --- |
| 10/05/2021 | 123 | LETTER MOTION for Leave to File Excess Pages *On Consent* addressed to Judge Ronnie Abrams from AUSA Ellen Blain dated October 5, 2021. Document filed by Francisco Artousa, John Does 1-9, 11-13, Weysan Dun, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, "John" Tanzin..(Blain, Jennifer) (Entered: 10/05/2021) |
| 10/07/2021 | 124 | LETTER MOTION for Extension of Time *On Consent* addressed to Judge Ronnie Abrams from AUSA Ellen Blain dated October 7, 2021. Document filed by Francisco Artousa, John Does 1-9, 11-13, Weysan Dun, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, "John" Tanzin..(Blain, Jennifer) (Entered: 10/07/2021) |
| 10/07/2021 | 125 | ORDER granting 124 Letter Motion for Extension of Time. Application granted. SO ORDERED. (Signed by Judge Ronnie Abrams on 10/7/2021) (ks) (Entered: 10/07/2021) |
| 10/07/2021 |  | Set/Reset Deadlines: Responses due by 12/24/2021 Replies due by 2/4/2022. (ks) (Entered: 10/07/2021) |
| 10/07/2021 | 126 | ORDER granting 123 Letter Motion for Leave to File Excess Pages. Application granted. SO ORDER. (Signed by Judge Ronnie Abrams on 10/7/2021) (ate) (Entered: 10/07/2021) |
| 10/15/2021 | 127 | SECOND MOTION to Dismiss *the Remaining Claims Against the Individual Defendants in the First Amended Complaint*. Document filed by Francisco Artousa, John Does 1-9, 11-13, Weysan Dun, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, "John" Tanzin..(Normand, Sarah) (Entered: 10/15/2021) |
| 10/15/2021 | 128 | MEMORANDUM OF LAW in Support re: 127 SECOND MOTION to Dismiss *the Remaining Claims Against the Individual Defendants in the First Amended Complaint*. . Document filed by Francisco Artousa, John Does 1-9, 11-13, Weysan Dun, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, "John" Tanzin..(Normand, Sarah) (Entered: 10/15/2021) |
| 11/11/2021 | 129 | LETTER MOTION for Extension of Time to File Response/Reply as to 127 SECOND MOTION to Dismiss *the Remaining Claims Against the Individual Defendants in the First Amended Complaint*. addressed to Judge Ronnie Abrams from Jennifer R. Cowan dated November 11, 2021. Document filed by Jameel Algibhah, Naveed Shinwari, Muhammad Tanvir..(Cowan, Jennifer) (Entered: 11/11/2021) |
| 11/12/2021 | 130 | ORDER granting 129 Letter Motion for Extension of Time to File Response/Reply re 129 LETTER MOTION for Extension of Time to File Response/Reply as to 127 SECOND MOTION to Dismiss *the Remaining Claims Against the Individual Defendants in the First Amended Complaint*. addressed to Judge Ronnie Abrams from Jennife. Application granted. SO ORDERED. (Signed by Judge Ronnie Abrams on |

Case 23-7338, Document 18, 05/09/2023, 3512562, Page35 of 65

| | | |
|---|---|---|
| | | 11/12/2021) Responses due by 2/11/2022 Replies due by 3/31/2022. (ks) (Entered: 11/12/2021) |
| 02/02/2022 | 131 | SECOND LETTER MOTION for Extension of Time *to File Opposition to Mtn Dismiss* addressed to Judge Ronnie Abrams from Baher Azmy dated 02.02.2022. Document filed by Jameel Algibhah, Awais Sajjad, Naveed Shinwari, Muhammad Tanvir..(Azmy, Baher) (Entered: 02/02/2022) |
| 02/03/2022 | 132 | ORDER granting 131 Letter Motion for Extension of Time. Application granted. SO ORDERED. (Signed by Judge Ronnie Abrams on 2/3/2022) (ate) (Entered: 02/03/2022) |
| 02/03/2022 | | Set/Reset Deadlines: Responses due by 2/25/2022. Replies due by 4/29/2022. (ate) (Entered: 02/03/2022) |
| 02/25/2022 | 133 | MEMORANDUM OF LAW in Opposition re: 127 SECOND MOTION to Dismiss *the Remaining Claims Against the Individual Defendants in the First Amended Complaint*. / *Plaintiffs' Memorandum of Law in Opposition to Defendants' Renewed Motion to Dismiss*. Document filed by Jameel Algibhah, Naveed Shinwari, Muhammad Tanvir.. (Cowan, Jennifer) (Entered: 02/25/2022) |
| 04/27/2022 | 134 | LETTER MOTION for Leave to File Excess Pages *for reply memorandum of law in further support of Agents' motion to dismiss* addressed to Judge Ronnie Abrams from AUSAs Sarah S. Normand and Ellen Blain dated April 27, 2022. Document filed by Francisco Artousa, John Does 1-9, 11-13, Weysan Dun, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, "John" Tanzin..(Normand, Sarah) (Entered: 04/27/2022) |
| 04/28/2022 | 135 | ORDER granting 134 Letter Motion for Leave to File Excess Pages. Application granted. SO ORDERED. (Signed by Judge Ronnie Abrams on 4/28/2022) (ate) (Entered: 04/28/2022) |
| 04/29/2022 | 136 | REPLY MEMORANDUM OF LAW in Support re: 127 SECOND MOTION to Dismiss *the Remaining Claims Against the Individual Defendants in the First Amended Complaint*. . Document filed by Francisco Artousa, John Does 1-9, 11-13, Weysan Dun, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, "John" Tanzin..(Blain, Jennifer) (Entered: 04/29/2022) |
| 05/18/2022 | 137 | ORDER: The Court intends to hold oral argument on the Individual Defendants' motion to dismiss the First Amended Complaint. By May 23, 2022, the parties shall submit a letter to the Court indicating their availability for argument the weeks of May 30, June 6, and June 13. Unless a request is made to hold argument remotely, the Court will hear argument in person. SO ORDERED. (Signed by Judge Ronnie Abrams on 5/18/2022) (vfr) (Entered: 05/18/2022) |
| 05/21/2022 | 138 | LETTER addressed to Judge Ronnie Abrams from AUSA Sarah S. Normand dated May 21, 2022 re: Counsel's Availability for Oral Argument on the Individual Defendants' Motion to Dismiss the First Amended Complaint. Document filed by Francisco Artousa, John Does 1-9, 11-13, Weysan Dun, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, "John" Tanzin..(Normand, Sarah) (Entered: 05/21/2022) |

| 05/23/2022 | 139 | MEMO ENDORSEMENT on re: 138 Letter, filed by John LNU, John Does 1-9, 11-13, James C. Langenberg, Weysan Dun, Gregg Grossoehmig, John C. Harley III, Sanya Garcia, "John" Tanzin, Francisco Artousa, Michael LNU, Steven LNU. ENDORSEMENT: The Court will hear oral argument on June 14, 2022 at 10:00 a.m. Argument will be held in Courtroom 1506 of the Thurgood Marshall United States Courthouse. SO ORDERED. ( Oral Argument set for 6/14/2022 at 10:00 AM in Courtroom 1506, 40 Centre Street, New York, NY 10007 before Judge Ronnie Abrams.) (Signed by Judge Ronnie Abrams on 5/23/2022) (kv) (Entered: 05/23/2022) |
|---|---|---|
| 06/10/2022 | 140 | MOTION for William Mattessich to Withdraw as Attorney . Document filed by Jameel Algibhah, Naveed Shinwari, Muhammad Tanvir..(Mattessich, William) (Entered: 06/10/2022) |
| 06/14/2022 | | Minute Entry for proceedings held before Judge Ronnie Abrams: Oral Argument held on 6/14/2022 re: 127 SECOND MOTION to Dismiss *the Remaining Claims Against the Individual Defendants in the First Amended Complaint.* filed by John LNU, John Does 1-9, 11-13, James C. Langenberg, Weysan Dun, Gregg Grossoehmig, John C. Harley III, Sanya Garcia, "John" Tanzin, Francisco Artousa, Michael LNU, Steven LNU. (Court Reporter Steven Greenblum) (arc) (Entered: 06/14/2022) |
| 06/14/2022 | 141 | ORDER granting 140 Motion to Withdraw as Attorney. Application granted. The Clerk of Court is respectfully directed to terminate Mr. Mattessich from the docket. SO ORDERED.. (Signed by Judge Ronnie Abrams on 6/14/2022) Attorney William Mattessich terminated (ks) (Entered: 06/14/2022) |
| 06/26/2022 | 142 | MOTION for Ramzi Kassem to Withdraw as Attorney *for Plaintiffs*. Document filed by Jameel Algibhah, Naveed Shinwari, Muhammad Tanvir..(Kassem, Ramzi) (Entered: 06/26/2022) |
| 06/27/2022 | 143 | MEMO ENDORSEMENT granting 142 Motion to Withdraw as Attorney. ENDORSEMENT: Application granted. The Clerk of Court is respectfully directed to remove Mr. Kassem from the docket. Attorney Ramzi Kassem terminated. (Signed by Judge Ronnie Abrams on 6/27/2022) (ate) (Entered: 06/27/2022) |
| 06/28/2022 | 144 | LETTER addressed to Judge Ronnie Abrams from AUSA Sarah Normand dated June 28, 2022 re: Decision of the Second Circuit Court of Appeals in Sabir v. Williams. Document filed by Francisco Artousa, John Doe, Weysan Dun, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, "John" Tanzin..(Normand, Sarah) (Entered: 06/28/2022) |
| 07/05/2022 | 145 | TRANSCRIPT of Proceedings re: CONFERENCE held on 6/14/2022 before Judge Ronnie Abrams. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/26/2022. Redacted Transcript Deadline set for 8/5/2022. Release of Transcript Restriction set for 10/3/2022..(McGuirk, Kelly) (Entered: 07/05/2022) |
| 07/05/2022 | 146 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 6/14/2022 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely |

| | | |
|---|---|---|
| | | electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 07/05/2022) |
| 07/06/2022 | 147 | LETTER addressed to Judge Ronnie Abrams from Naz Ahmad dated July 6, 2022 re: Decision of the Second Circuit in Sabir v. Williams. Document filed by Jameel Algibhah, Naveed Shinwari, Muhammad Tanvir..(Ahmad, Naz) (Entered: 07/06/2022) |
| 07/08/2022 | 148 | LETTER addressed to Judge Ronnie Abrams from AUSAs Sarah S. Normand and Ellen Blain dated July 8, 2022 re: reply to plaintiffs' letter of July 6, 2022, re Sabir v. Williams. Document filed by Francisco Artousa, John Does 1-9, 11-13, Weysan Dun, Sanya Garcia, Gregg Grossoehmig, John C. Harley III, John LNU, Michael LNU, Steven LNU, James C. Langenberg, "John" Tanzin..(Normand, Sarah) (Entered: 07/08/2022) |
| 02/24/2023 | 149 | OPINION AND ORDER re: 127 SECOND MOTION to Dismiss *the Remaining Claims Against the Individual Defendants in the First Amended Complaint*. filed by John LNU, John Does 1-9, 11-13, James C. Langenberg, Weysan Dun, Gregg Grossoehmig, John C. Harley III, Sanya Garcia, "John" Tanzin, Francisco Artousa, Michael LNU, Steven LNU. For the foregoing reasons, Defendants' motion to dismiss is granted. The Clerk of Court is respectfully directed to terminate the motions pending at docket entry 127, and to close this action. SO ORDERED. (Signed by Judge Ronnie Abrams on 2/24/2023) (tg) (Entered: 02/24/2023) |
| 04/25/2023 | 150 | NOTICE OF CHANGE OF ADDRESS by Erol Nazim Gulay on behalf of Jameel Algibhah, Awais Sajjad, Naveed Shinwari, Muhammad Tanvir. New Address: Debevoise & Plimpton LLP, 66 Hudson Boulevard, New York, New York, USA 10001, (212) 909-6000..(Gulay, Erol) (Entered: 04/25/2023) |
| 04/25/2023 | 151 | NOTICE OF APPEAL from 149 Memorandum & Opinion,,. Document filed by Jameel Algibhah, Naveed Shinwari, Muhammad Tanvir. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit February 24, 2023 Opinion and Order).(Ahmad, Naz) (Entered: 04/25/2023) |
| 04/25/2023 | | Appeal Fee Due: for 151 Notice of Appeal,.$505.00 Appeal fee due by 5/9/2023..(nd) (Entered: 04/25/2023) |
| 04/25/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 151 Notice of Appeal,..(nd) (Entered: 04/25/2023) |
| 04/25/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 151 Notice of Appeal, filed by Muhammad Tanvir, Naveed Shinwari, Jameel Algibhah were transmitted to the U.S. Court of Appeals..(nd) (Entered: 04/25/2023) |
| 04/26/2023 | | USCA Appeal Fees received $ 505.00 receipt number 15483 on 4/26/2023 re: 151 Notice of Appeal, filed by Muhammad Tanvir, Naveed Shinwari, Jameel Algibhah. (tp) (Entered: 04/26/2023) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 05/09/2023 10:38:53 |

Case 23-738, Document 18, 05/09/2023, 3512562, Page38 of 65

| PACER Login: | naz.ahmad | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:13-cv-06951-RA |
| Billable Pages: | 26 | Cost: | 2.60 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MUHAMMAD TANVIR, JAMEEL
ALGIBHAH, and NAVEED SHINWARI,

                              Plaintiffs,

                    v.

FNU TANZIN, *et al.*,

                              Defendants.

13-CV-6951 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiffs Muhammad Tanvir, Jameel Algibhah, and Naveed Shinwari brought this action to remedy alleged violations of their constitutional and federal statutory rights. Specifically, they allege that, in an effort to bolster intelligence gathering in the aftermath of the terrorist attacks on September 11, 2001, agents of the Federal Bureau of Investigation ("FBI") placed or kept them on the Terrorist Screening Center's No Fly List in retaliation for their refusal to act as informants by spying on members of Muslim communities, and in order to pressure them to reconsider. Plaintiffs claim that they refused to gather information about their fellow Muslims because doing so would have contravened their sincerely held religious beliefs, and that the FBI agents' efforts thus substantially burdened their religious exercise in violation of federal law.

The suit initially named agents of the federal government in their official capacities, and sought Plaintiffs' removal from the No Fly List. Plaintiffs have since been removed from the No Fly List, and the sole remaining claims are against Defendant FBI agents in their individual capacities for money damages available under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.* ("RFRA"). Namely, Plaintiffs seek damages from Defendants FNU ("First Name Unknown") Tanzin, Sanya Garcia, Francisco Artousa, John LNU ("Last Name Unknown"), Steven

LNU, John C. Harley III, Michael LNU, Gregg Grossoehmig, Weysan Dun, James C. Langenberg, and John Does 1–6.[1]  Now before the Court is Defendants' renewed motion to dismiss the remaining claims in the Amended Complaint for failure to state a claim and under the doctrine of qualified immunity.

The Court is sympathetic to Plaintiffs, who claim that, despite never posing a threat to aviation security, they were, for years, unable to visit ailing loved ones outside of the United States, burdened financially with the loss of job opportunities which required them to travel, and repeatedly forced to endure the basic indignity of being denied boarding passes for flights to which they had legitimately purchased tickets.  Accepting their allegations as true, Plaintiffs were subjected to this treatment by way of the FBI's misuse of the No Fly List simply because they were Muslim, and because they refused to spy on other members of their faith.

Nevertheless—and notwithstanding varied criticisms of the doctrine of qualified immunity, *see, e.g., Baxter v. Bracey*, 140 S. Ct. 1862 (2020) (Thomas, J., dissenting from denial of certiorari); *Kisela v. Hughes*, 138 S. Ct. 1148, 1162 (2018) (Sotomayor, J., dissenting)—the Court is required to apply the law faithfully to the issues before it.  Accordingly, for the reasons that follow, Defendants are entitled to qualified immunity and the motion to dismiss is granted.

## BACKGROUND

The allegations of the tactics undertaken by the FBI giving rise to this action are by now familiar to counsel and the parties.  In the main, Plaintiffs allege that they were "among the many innocent people" who were "swept up" in the years since 9/11 by the federal government's

---

[1]     Pursuant to the Stipulation and Order filed July 24, 2014, Defendants FNU Tanzin, John LNU, Steven LNU, Michael LNU, and John Does 1–6 are currently proceeding under the pseudonyms specified in the Amended Complaint.  *See* Dkt. 30 ¶¶ 1–2.  John Doe 2 is proceeding as John Doe 2/3.  *See id.* ¶ 1(f).  A fourth Plaintiff, Awais Sajjad, did not assert claims under RFRA, *see* Dkt. 15, and thus is no longer party to the remaining claims in this action.  Accordingly, there are no longer pending claims against Defendants John Does 9–13, Michael Rutowski, or William Gale.  Finally, John Does 7 and 8 were previously dismissed from this action.  *See* Dkt. 104 at 36.

"secretive watch list dragnet." Compl. ¶ 4. Plaintiffs claim that the process for placing individuals on the No Fly List, which is maintained by the Terrorist Screening Center ("TSC"), *id.* ¶ 40–41, is "shrouded in secrecy and ripe for abuse," *id.* ¶ 63. "To be properly placed on the No Fly List, an individual must be a 'known or suspected terrorist'" and "there must be some additional 'derogatory information' demonstrating that the person 'poses a threat of committing a terrorist act with respect to an aircraft." *Id.* ¶ 42. Despite never posing a threat—or even being accused of posing a threat—to aviation safety, Plaintiffs allege that they were each either placed or kept on the List merely for refusing to become informants for the FBI against fellow Muslims. *Id.* ¶¶ 8–9, 65–67, 68, 118, 145. They urge that their inclusion on the No Fly List was thus the product of abusive investigative practices by the FBI which violated their clearly established constitutional and statutory rights, including under RFRA. *Id.* ¶¶ 205–15.

## I.   Plaintiff Muhammad Tanvir

Muhammad Tanvir is a lawful permanent resident of the United States who last resided in Queens, has family in Pakistan, and is Muslim. *Id.* ¶¶ 14, 68. Tanvir interacted with Defendants FNU Tanzin, John Doe 1, John Doe 2/3, Garcia, and John LNU. *Id.* ¶¶ 68–113. He was first approached by Defendants Tanzin and John Doe 2/3 in February 2007 at his workplace in the Bronx, and was asked about a former acquaintance who they claimed had attempted to enter the country illegally. *Id.* ¶ 69. Two days later, Tanvir was contacted by Tanzin who asked him "what people in the Muslim community generally discussed, and whether there was anything that he knew about within the American Muslim community that he 'could share' with the FBI." *Id.* ¶ 70. Tanvir told Tanzin that "he did not know of anything that would concern law enforcement." *Id.*

Initially, Tanvir's life continued unaltered following these early interactions with the FBI. He was able to fly to Pakistan in July 2008, for instance, and to return in December 2008. *Id.* ¶ 71.

But after returning from Pakistan, Tanvir alleges that his passport was confiscated by government officials, he was detained for five hours at the airport, and was given an appointment with the Department of Homeland Security ("DHS") to retrieve his passport. *Id*. Before the date of that meeting, however, Tanzin and John Doe 2/3 came to his new workplace in Queens and asked him to accompany them to the Manhattan office of the FBI. *Id*. ¶¶ 73–74.

There, he was brought to an interrogation room and subjected to questioning about terrorist training camps near the village where he grew up, whether he had trained with the Taliban, and whether he would work as a government informant in Pakistan or Afghanistan. *Id*. ¶¶ 75–78. To incentivize Tanvir to work as an informant, the agents offered him financial assistance, including for his parents in Pakistan so that they could go on religious pilgrimage to Saudi Arabia; nevertheless, Tanvir refused, telling them that he was "afraid" and that working as a "United States government informant" in Pakistan would be "very dangerous." *Id*. ¶¶ 76–78.

The next day, Tanvir alleges that Tanzin called and "threatened" him, saying he would "authorize the release of [Tanvir's] passport if [he] agreed to become an informant," but that, if he declined, he "would be deported if he went to the airport to pick up his passport." *Id*. ¶ 79. Tanvir again refused, and was able to retrieve his passport notwithstanding the threats of deportation. *Id*. ¶¶ 79–80. In the weeks that followed, Tanvir was repeatedly called by agents who urged him to become an FBI informant. *Id*. ¶¶ 82–84. Time and again, Tanvir refused. *Id*. Tanzin and John Doe 2/3 eventually asked him to take a polygraph test and threatened to arrest him if he declined. *Id*. ¶¶ 86–87. He declined, and the agents left without placing him under arrest. *Id*.

In key part, Tanvir alleges that he repeatedly refused to serve as an FBI informant because he had "sincerely held religious and personal objections to spying on innocent members of his community," and that the agents had placed "significant pressure on [him] to violate his sincerely

4

held religious beliefs." *Id.* ¶ 84. Speaking to Tanvir's religious objections more generally, as well as those of the other Plaintiffs, the Amended Complaint alleges that:

> Many American Muslims, like many other Americans, and many followers of other religions, have sincerely held religious and other objections against becoming informants in their own communities, particularly when they are asked to inform on the communities as a whole rather than specific individuals reasonably suspected of wrongdoing. Acting as an informant would require them to lie and would interfere with their ability to associate with other members of their communities on their own terms. For these American Muslims, the exercise of Islamic tenets precludes spying on the private lives of others in their communities.

*Id.* ¶ 65.

After his interactions with Defendants Tanzin and Doe 2/3, Tanvir discovered that he had been placed on the No Fly List. "Upon information and belief," he alleges that he was "placed on the No Fly List . . . because he refused to become an informant against his community and refused to speak or associate further with the agents." *Id.* ¶ 90. In October 2010, while traveling for work, he made plans to fly from Atlanta to New York City but was told by an airline employee that he was unable to fly when he tried to check in for the flight. *Id.* ¶ 91. FBI agents then approached him at the airport, told him that he should contact the agents in New York with whom he had previously spoken, and escorted him to a bus station in Atlanta, where Tanvir was forced to take a 24-hour bus ride to return home to New York. *Id.* ¶ 93. Two days later, Tanvir was contacted by Defendant Garcia, who told him that his name could be removed from the No Fly List if he would agree to speak with her and answer her questions. *Id.* ¶ 94. Tanvir insisted that he had repeatedly answered the FBI's questions and that he did not wish to speak with agents of the FBI again. *Id.*

Tanvir next purchased airline tickets when he was trying to visit his sick mother in Pakistan in November 2011. *Id.* ¶¶ 98–100. The day before his scheduled departure, however, Garcia contacted him again, informing him that he would not be permitted to fly the next day because he had "hung up on her" in October 2010. *Id.* She again insisted that he would not be able to fly

without answering her questions. *Id.* Tanvir reluctantly agreed to meet Garcia and John LNU at a restaurant in Queens, where he was again questioned about his family, religion, and politics; Tanvir answered their inquiries, believing that he needed to do so in order to be able to fly to Pakistan. *Id.* ¶ 101. Although Garcia initially told Tanvir that she would obtain a one-time waiver to allow him to travel because he had answered the FBI's questions, she called the next day to inform him that he would not be able to travel after all. *Id.* ¶ 102. Instead, Garcia now insisted that her offer of a one-time waiver was contingent on Tanvir going to FBI headquarters to take a polygraph test. *Id.* ¶ 104. He cancelled his flight to Pakistan thereafter. *Id.*

Tanvir again bought a ticket to see his mother in Pakistan in December 2011, after engaging counsel to file a Traveler Redress Inquiry Program ("TRIP") complaint, but was again denied boarding because he was on the No Fly List. *Id.* ¶ 109. Tanvir learned that, despite his TRIP complaint, no changes or corrections would be made to the List, and appealed that determination. *Id.* ¶¶ 110, 112. In November 2012, he again purchased a ticket to travel to Pakistan, and once again was denied boarding. *Id.* ¶ 113. This time, Tanvir was approached by an FBI agent and told that he would need to meet once again with Garcia in order to be removed from the List. *Id.*

On March 28, 2013, Tanvir finally received a response to his TRIP appeal indicating that the government had "made updates" to its records based on his complaint. *Id.* ¶ 114. Tanvir then successfully flew to Pakistan from New York on June 27, 2013. *Id.* ¶ 115. He did not receive official confirmation of his removal from the No Fly List, however, until June 2015, after filing the present action. Dkt. 92.

## II.    Plaintiff Jameel Algibhhah

Jameel Algibhah is a United States citizen, resides in the Bronx, has a wife and three daughters in Yemen, and is Muslim. Compl. ¶¶ 15, 118. He alleges that he interacted with

6

Defendants Artousa, John Doe 4, and John Doe 5 between 2009 and 2013. *Id.* ¶¶ 119–40. Artusa and John Doe 4 first tried to recruit Algibhah to serve as an informant in Muslim communities, including in his own neighborhood, by approaching him at his workplace and asking him to accompany them to an FBI van. *Id.* ¶¶ 119–20. After Aglibhah answered their initial questions, they specifically asked that he infiltrate a mosque in Queens, and that he act like an "extremist" in online Islamic forums. *Id.* ¶ 121. Algibhah claims he refused because doing so violated his sincerely held religious and personal beliefs and would have required him to act in a deceptive manner in his community. *Id.* ¶ 122; *see also id.* ¶ 65 (alleging there are "Islamic tenets preclud[ing] spying on" fellow Muslims). Upon information and belief, he alleges that, in retaliation for his refusal to act as an informant for the FBI, and in order to pressure him to reconsider his decision, he was placed on the No Fly List shortly after this encounter. *Id.* ¶ 124.

Algibhah attempted to visit his wife and daughters in Yemen in May 2010, but was denied a boarding pass at JFK International Airport and told that he was not permitted to fly. *Id.* ¶ 125. Algibhah filed a TRIP complaint, and attempted again to fly to Yemen in September of the same year, but was again denied a boarding pass. *Id.* ¶¶ 126–27.

In June 2012, after seeking assistance from his elected representatives, Algibhah was stopped by Artusa and John Doe 5 who allegedly said: "Congressmen can't do shit for you; we're the only ones who can take you off the list." *Id.* ¶ 131. Artusa told Algibhah that he would need to answer more questions from the FBI, and that if he chose to cooperate, he would be removed from the No Fly List. *Id.* After answering their questions, however, Algibhah was told that in order to be removed from the List, he would need to work as an informant, including by going on Islamic websites and "act[ing] extremist." *Id.* ¶ 133. Algibhah retained counsel, to whom Artusa reiterated the same offer: Algibhah's name could be removed from the List, but only if he would

agree to go onto Islamic websites to seek out "extremist" discussions and undertake "aggressive information gathering." *Id.* ¶ 136. When Artusa called Algibhah directly once again in May 2013, Algibhah directed him to his counsel. *Id.* ¶ 139–40.

Like Tanvir, Algibhah did not receive confirmation that he had been removed from the No Fly List until June 2015, after filing this action. Dkt. 92.

### III. Plaintiff Naveed Shinwari

Naveed Shinwari is a lawful permanent resident living in Connecticut, has family in Afghanistan, and is Muslim. *Id.* ¶¶ 16, 145. He alleges that he interacted with Defendants Steven LNU, Harley, Grossoehmig, Michael LNU, John Doe 6, Dun, and Langenberg in 2012. *Id.* ¶¶ 146–64. In February 2012, Shinwari was traveling with his mother from Kabul, Afghanistan to Omaha, Nebraska, where he was living at the time, when he was denied boarding on his connecting flight departing from Dubai and told that he needed to contact the U.S. embassy before he would be permitted to fly. *Id.* ¶ 146.

The next day, Shinwari met with Defendants Steven LNU and Harley at the U.S. consulate in Dubai, where he was taken to an interrogation room and questioned for several hours about whether he had visited any "training camps" while in Afghanistan and whether he was associated with "bad guys." *Id.* ¶ 148. He was also questioned about his mosque and religious activities, asked to take a polygraph test, and told that doing so would allow him to return home to Nebraska. *Id.* ¶ 149. Several days later, Shinwari was permitted to fly after purchasing new tickets on a U.S.-based airline. *Id.* ¶¶ 150–51. After landing at Dulles International Airport in Virginia, Shinwari was interrogated for two hours by Defendants Michael LNU and Grossoehmig, who said that they needed to "verify" what he had told the other agents in Dubai. *Id.* ¶¶ 152–53. After he answered their questions, Shinwari was released and flew home to Omaha. *Id.* ¶ 154.

The next month, in March 2012, Defendants Michael LNU and John Doe 6 appeared at Shinwari's home, and again questioned him about his religion and personal background. *Id.* ¶ 155. This time, the agents said that they knew Shinwari was then unemployed, and offered to pay him to work as an informant with the FBI. *Id.* ¶ 156. Based on his sincerely held religious and personal beliefs, Shinwari alleges, he declined the invitation to work as an informant. *Id.* ¶¶ 156–57; *see also id.* ¶ 65 (asserting that many Muslims "have sincerely held religious and other objections against becoming informants in their own communities").

When Shinwari tried to board a flight from Omaha to Orlando for temporary work later that month, he was denied a boarding pass and approached by police officers who told him that he was on the No Fly List. *Id.* ¶ 158. His placement on the List caused Shinwari significant financial hardship, as he was unable to take the temporary job, and was also prevented from visiting his family in Afghanistan. *Id.* ¶160. After Shinwari emailed Harley for help in getting removed from the No Fly List, Michael LNU and Doe 6 returned to his home and again asked that he become an informant, telling him that if he helped the FBI, the FBI would "help" him. *Id.* ¶ 161. Shinwari declined to serve as an informant, although he understood the agents to be offering to remove him from the No Fly List. *Id.*

Thereafter, Shinwari retained counsel and submitted two TRIP complaints about his inclusion on the List. *Id.* ¶¶ 165–68. He did not receive confirmation that he had been removed from the List until June 2015, after filing this action. Dkt. 92.

### PROCEDURAL HISTORY

As relevant to the present motion, this Court previously dismissed Plaintiffs' RFRA claims, holding that the relief afforded by the statute—which provides that, where a person's "religious exercise has been burdened," that person "may assert that violation as a claim" and "obtain

appropriate relief against a government," 42 U.S.C. § 2000bb-1(c)—did not include money damages against officials in their personal capacities. *Tanvir v. Lynch*, 128 F. Supp. 3d 756, 780–81 (S.D.N.Y. 2015). Because the Court found that "appropriate relief" under RFRA did not provide for money damages, it did not address whether Defendants were entitled to qualified immunity.[2]

Plaintiffs appealed, and the Second Circuit reversed in part, determining RFRA "permits a plaintiff to recover money damages against federal officers sued in their individual capacities." *Tanvir v. Tanzin*, 894 F.3d 449, 453 (2d Cir. 2018). The Circuit remanded for this Court to determine in the first instance whether Defendants are entitled to qualified immunity, expressly noting that it was "sensitive to the notion that qualified immunity should be resolved at the earliest possible stage in the litigation," including "in a Rule 12(b)(6) motion." *Id.* at 472 (cleaned up).

Prior to remand, however, the Supreme Court granted certiorari. *Tanzin v. Tanvir*, 140 S. Ct. 550 (2019). It ultimately affirmed the Second Circuit's statutory construction, holding that "appropriate relief" within the meaning of RFRA includes claims for money damages for officials sued in their individual capacities. *Tanzin v. Tanvir*, 141 S. Ct. 486, 489 (2020). Like the Court of Appeals before it, however, the Supreme Court expressly cautioned that Defendants may be entitled to qualified immunity—and indeed that Plaintiffs had themselves repeatedly argued as much on appeal—stating:

> Both the Government and respondents agree that government officials are entitled to assert a qualified immunity defense when sued in their individual capacities for money damages under RFRA. Indeed, respondents emphasize that the "qualified immunity defense was created for precisely these circumstances," Brief for

---

[2]    The claims against Defendants in their official capacities were previously stayed on consent of all parties after Plaintiffs were apprised that they were no longer on the No Fly List. *See* Dkt. 92, 93. The Court also previously dismissed Plaintiffs' First Amendment claims brought against Defendants in their individual capacities, reasoning that the Supreme Court had "declined to extend *Bivens* to a claim sounding in the First Amendment." *Tanvir*, 128 F. Supp. 3d at 769. That determination was not appealed, and thus is not at issue on remand. *See Tanvir v. Tanzin*, 894 F.3d 449, 457 (2d Cir. 2018).

Respondents 22, and is a "powerful shield" that "protects all but the plainly incompetent or those who flout clearly established law," Tr. of Oral Arg. 42, *see District of Columbia v. Wesby*, 138 S. Ct. 577 , 589–91 (2018).

*Id*. at 492 n.2.[3]

On remand, Defendants have thus filed a renewed motion to dismiss the remaining claims in the Amended Complaint for failure to state a claim and under the doctrine of qualified immunity.[4]  Plaintiffs timely opposed the motion, after which the Court heard oral argument.

## LEGAL STANDARDS

On a Rule 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See Cnty. of Erie v. Colgan Air, Inc.*, 711 F.3d 147, 149 (2d Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 533, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. The Court need not accept "legal conclusions" or "threadbare recitals of the elements of the cause of action," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a plaintiff must provide "more than labels and conclusions" to make out a claim upon which relief can be granted, *Twombly*, 550 U.S.

---

[3]      *See also Tanzin v. Tanvir*, Tr. of Oral Arg. at 35–36 (Oct. 6, 2020) (Justice Thomas asking counsel for Plaintiffs how an officer is to know whether the "burden they're imposing is the least restrictive means of furthering a governmental interest," and counsel answering, "that is, of course, an argument . . . that [Defendants] could have presented in . . . the qualified immunity defense that they made"); *id*. at 52–54 (counsel for Plaintiffs further explaining that "the law accounts for [this concern] . . . due to well-established and robust doctrine of qualified immunity," and Justice Kavanaugh responding "that's a good answer about qualified immunity").

[4]      Defendants Steven LNU, Harley, Grossoehmig, Michael LNU, John Doe 6, Dun, and Langenberg also renewed their Rule 12(b)(2) motion to dismiss the claims against them for lack of personal jurisdiction.  Because the Court concludes that, accepting all allegations in the Amended Complaint as true, none of the Defendants violated clearly established law, and thus are all entitled to dismissal under the doctrine of qualified immunity, it does not reach the jurisdictional question raised by this subset of Defendants.

at 555.

"RFRA prohibits the government from 'substantially burden[ing] a person's exercise of religion' unless 'application of the burden . . . (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.'" *Sabir v. Williams*, 52 F.4th 51, 59 (2d Cir. 2022) (quoting 42 U.S.C. § 2000bb-1(a)–(b)). To establish a "prima facie RFRA violation, the plaintiffs must demonstrate that they sought to engage in the exercise of religion and that the defendant-officials substantially burdened that exercise." *Id*. The government then faces an "exceptionally demanding" burden to show "that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting parties." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 728 (2014).

In assessing whether officials are entitled to qualified immunity, a court conducts a two-step analysis, considering (1) whether the facts presented "make out a violation of a constitutional [or statutory] right, and (2) whether the right at issue was 'clearly established' when it was allegedly violated." *Torcivia v. Suffolk Cnty.*, 17 F.4th 342, 367 (2d Cir. 2021) (cleaned up). Although the Supreme Court previously required courts to consider the two prongs sequentially in all circumstances, *see Saucier v. Katz*, 533 U.S. 194 (2001), courts are now free to use "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand," *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Thus, where "prior case law has not clearly settled the right, and so given officials fair notice of it, the court can simply dismiss the claim for money damages." *Camreta v. Greene*, 563 U.S. 692, 705 (2011).

While often invoked as a defense to constitutional claims, qualified immunity may also be invoked against statutory claims. *See Harlow v. Fizgerald*, 457 U.S. 800, 818 (1982). More

specifically, qualified immunity may apply to actions brought under RFRA. *See Sabir*, 52 F.4th at 58–60; *Fazaga v. FBI*, 965 F.3d 1015, 1061 (9th Cir. 2020), *rev'd on other grounds*, 141 S. Ct. 2720 (2021); *Lebron v. Rumsfeld*, 670 F.3d 540, 557 (4th Cir. 2012); *Walden v. Centers for Disease Control & Prevention*, 669 F.3d 1277, 1285 (11th Cir. 2012); *Rasul v. Myers*, 563 F.3d 527, 533 n.6 (D.C. Cir. 2009) (per curiam). Indeed, as the Supreme Court noted in this very action, Plaintiffs have themselves conceded that "government officials are entitled to assert a qualified immunity defense" under RFRA. *Tanzin*, 141 S. Ct. at 492 n.2.

## DISCUSSION

In their effort to allege that Defendants here violated clearly established law, such that they are not entitled to qualified immunity, Plaintiffs make two main arguments. First, they assert that caselaw existing at the time of their interactions with the FBI articulated a general "right to be free from government pressure that forces an individual to violate sincerely held religious beliefs," and that such precedent provided clear notice that Defendants' alleged conduct violated RFRA. Opp. at 36. Second, they argue that, in any event, "the RFRA statute itself"—given its general prohibition against imposing a "substantial burden" on religious exercise—is sufficient to have put Defendants on notice of the purported illegality of their alleged conduct. *See* Opp. at 36–37.

For the reasons articulated below, the Court disagrees. Accepting each of the factual allegations in the Amended Complaint as true, a reasonable officer in Defendants' position would not have known—much less "known for certain," *Ziglar v. Abassi*, 137 S. Ct. 1843, 1867 (2017)— that their conduct would impose a substantial burden on Plaintiffs' religious exercise and thus violate RFRA. Defendants are accordingly entitled to qualified immunity, and the renewed motion to dismiss the Amended Complaint is granted.

## I.     Clearly Established Law Analysis

To be clearly established, the contours of the right at issue must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).  The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality."  *Mullenix*, 577 U.S. at 11 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)).  Instead, "the dispositive question is whether the violative nature of *particular* conduct is clearly established."  *Ziglar*, 137 S. Ct. at 1866 (emphasis in original) (quoting *Mullenix*, 577 U.S. at 12); *see also Wesby*, 138 S. Ct. at 590 ("The 'clearly established' standard . . . requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him.").

The inquiry regarding whether a right was clearly established must therefore be "undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix*, 577 U.S. at 12.  While there need not be "a case directly on point," "existing precedent must have placed the statutory or constitutional question beyond debate."  *Id.*  "It is not enough that the rule is suggested by then-existing precedent."  *Wesby*, 138 S. Ct. at 590.  In other words, "[t]he precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply."  *Id.*; *see also Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015) (to determine whether a right is clearly established, courts look to prior Supreme Court and circuit precedent "directly addressing the right at issue" or "clearly foreshadow[ing] a particular ruling on the issue").  An officer is immune from liability if "a reasonable officer might not have known for certain that the conduct was unlawful."  *Ziglar*, 137 S. Ct. at 1867.  "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate

the law," *Mullenix*, 577 U.S. at 12 (cleaned up), and affords "breathing room to make reasonable but mistaken judgments about open legal questions," *al-Kidd*, 563 U.S. at 743; *accord Wesby*, 138 S. Ct. at 589 (2018).

As a threshold matter, the Court must evaluate the parties' competing definitions of the particular right at issue. Defendants define the right as the right not to be "recruit[ed] as [a] confidential government informant[] through the retaliatory or coercive use of the No Fly List." Mot. at 22. Plaintiffs, meanwhile, articulate it as the "right to be free from government pressure that forces an individual to violate sincerely held religious beliefs." Opp. at 36. By characterizing the right in such a generalized and vague fashion, however, Plaintiffs render their definition legally meaningless. The Supreme Court has held that "clearly established law must be particularized to the facts of the case." *White v. Pauly*, 580 U.S. 73, 79 (2017). "Otherwise, plaintiffs would be able to convert the rule of qualified immunity into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." *Id.* (quoting *Anderson v. Creighton*, 438 U.S. 635, 639 (1987)); *see also Mullenix*, 577 U.S. at 12.

Unsurprisingly, then, courts considering qualified immunity defenses against claims brought under RFRA regularly delineate the right at issue with a considerable degree of particularity—and much more narrowly than Plaintiffs propose. *See, e.g., Smadi v. Michaelis*, 2020 WL 7491296, at *4–6 (S.D. Ill. Dec. 21, 2020) (the "right to accommodation for an inmate's idiosyncratic dietary restrictions associated with his religion"); *Fernandez-Torres v. Watts*, 2017 WL 9485591, at *3 (S.D. Ga. Jan. 30, 2017), *report and recommendation adopted by* 2017 WL 1173923 (S.D. Ga. Mar. 29, 2017) (the right for prisoners to receive "religious property from outside sources when the religious items available through authorized means are not sufficient to meet the prisoner's religious needs"). Indeed, considering—and ultimately rejecting—claims

15

similar to those presented here, the district court in *El Ali v. Barr* construed the complaint to concern the right not to be subjected to "persistent inquiry into [one's] religious beliefs and practices" with "pressure . . . to modify or violate those beliefs or risk being subjected to the pattern of detentions and interrogations in connection with their travel." 473 F. Supp. 3d 479, 526 (D. Md. 2020).

The Court therefore construes the right presented by Plaintiffs' claims here as the right not to be pressured by law enforcement to inform on members of their religious communities through the coercive or retaliatory use of the No Fly List. So understood, for the reasons set forth below, the Court concludes that such a right was not clearly established at the time of the alleged violations. Even if the right were defined more broadly, such as the right not to be pressured to inform on members of one's religious community through the coercive or retaliatory use of *any* governmental tool, the Court nevertheless concludes that such a right was still not clearly established at the time of the events giving rise to the Complaint.

### A. Precedent at the Time Did Not Clearly Establish that Defendants Violated RFRA

At the time of Defendants' alleged activity, no federal court had addressed claims—let alone actually held—that law enforcement pressuring individuals to inform on members of their religious communities through retaliatory or coercive means substantially burdened their religious exercise in violation of RFRA. Plaintiffs point to four cases in an attempt to make out their claim of clearly established law at the time of the alleged violations, but each of those cases are plainly distinguishable.

First, *Lee v. Weisman*, 505 U.S. 577 (1992), involved Establishment Clause challenges to prayer held during a public school graduation ceremony. Observing that "there are heightened concerns with protecting freedom of conscience from subtle coercive pressure in the elementary

and secondary public schools," *id*. at 592, the Supreme Court in *Weisman* found an Establishment Clause violation because "young graduates who object [to the prayer] [we]re induced to conform," *id*. at 599; *see also id.* ("No holding by this Court suggests that a school can persuade or compel a student to participate in a religious exercise."). It was the specific context of the "prayer exercises in public schools" which the Court found carried a "particular risk of indirect coercion." *Id*. at 592. While acknowledging that the "heightened concern" of such coercion "may not be limited to the context of schools," the Court observed that "it is most pronounced there." *Id*.

None of the allegations in the Complaint here, of course, concern the purported coercion of school-age children to engage in religious exercise, nor do Plaintiffs contend that they were coerced to engage in prayer to which they objected. Rather, their particular complaint is that they were "placed or kept on the [No Fly] List when [they] refused to become []informant[s] for the FBI against fellow American Muslims" because informing on their fellow Muslims would have violated their sincerely held religious beliefs. Opp. at 2. Plaintiffs' attempt to stretch *Weisman*'s holding to fit the facts alleged in the Complaint is unavailing, as the Supreme Court has plainly instructed that the clearly established inquiry must be "undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix*, 577 U.S. at 12 (cleaned up). *Weisman*, put simply, does not place the statutory question of whether Defendants were violating RFRA "beyond debate." *Id*.

The Second Circuit's decision in *DeStefano v. Emergency Housing Group, Inc*., 247 F.3d 397 (2d Cir. 2001), is also inapposite, as it concerned state funding of a treatment facility that hosted Alcoholics Anonymous sessions which were religious in nature. In that case, the Circuit found that the mere inclusion of A.A. programs in services offered by the state-funded facility did not violate the Establishment Clause, nor, moreover, did the facility employees' "strong[]

urg[ing]" and "actively encourage[ment]" of client participation in the programs. *Id.* at 408–10. The Court found that, to the extent there were facts sufficient to establish that employees were involved in the "inculcation of religious beliefs," such facts could constitute governmental indoctrination in violation of the Establishment Clause, but that factual questions remained about whether the staff's behavior rose to the level of "inculcation." *Id.* at 420.[5]

Here, there is no suggestion that Defendants' actions were in any way "designed to inculcate the views of a particular religious faith" or to "indoctrinate." *Id.* at 411, 414. Rather, Defendants were engaged in the discrete task of seeking intelligence about Muslim adherents in the interest of national security, by, among other things, encouraging Plaintiffs to attend services or engage in conversation in online Islamic chatrooms. And, as *DeStefano* itself held, "[u]rging people to attend [religious] meetings or explaining to them why, in the view of the speaker, it is in their best interests to attend [such meetings] is not, without more, indoctrination." *Id.* at 415. Such encouragement "does not imbue clients with [a religious] point of view, nor does it inculcate or impress [] beliefs upon the mind of the listener by frequent instruction or repetition." *Id.* (cleaned up).

Third, the seminal case of *Wisconsin v. Yoder*, 406 U.S. 205 (1972), involved the wholly unrelated application of state compulsory education laws to Amish students whose religious beliefs prevented them from attending school beyond the eighth grade. In fact, the Supreme Court's holding in *Yoder* was as much grounded in the so-called *Meyer-Pierce* line of cases establishing parents' due process rights to control their children's upbringing as it was a case about religious

---

[5]     Contrary to Plaintiffs' claim that *DeStefano* held that "[p]ressure from government officials rises to the level of a substantial burden when it prevents an individual from participating in religious activity as a matter of a genuine personal choice," Opp. at 36, the Second Circuit expressly declined to "decide the issue of coercion," finding that it "ha[d] not been squarely presented," 247 F.3d at 411. Any discussion of "coercion" was therefore dicta, and cannot be construed as clearly established law. *See, e.g., Jones v. Treubig*, 963 F.3d 214, 226 n.7 (2d Cir. 2020) ("[W]e do not rely on any dicta . . . for the purpose of determining clearly established law.").

18

liberty.  *See Yoder*, 406 U.S. at 232–33 ("Under the doctrine of *Meyer v. Nebraska*, 262 U.S. 390 [(1923)], we think it entirely plain that the Act of 1922 unreasonably interferes with the liberty of parents and guardians to direct the upbringing and education of children under their control."); *see also id*. at 233 ("However read, the Court's holding *Pierce* [*v. Society of Sisters*, 268 U.S. 510 (1925)] stands as a charter of the rights of parents to direct the religious upbringing of their children.").  To the extent that the case established any broad right of religious exercise, it was, at most, limited to the "power of the State to promulgate reasonable" educational standards which did not "impair[] the free exercise of religion" for schoolchildren.  *Id*. at 236.[6]  It had nothing to do with law enforcement officers pressuring religious adherents to inform on co-religionists. *Yoder* thus did not "directly address[] the right at issue," and did not "clearly foreshadow[] a particular ruling" on Plaintiffs' RFRA claims.  *Garcia*, 779 F.3d at 92.

It is thus unsurprising that the Ninth Circuit, considering claims analogous to those at issue here, determined that "it was not clearly established in 2006 or 2007 that covert surveillance conducted on the basis of religion would meet the RFRA standards for constituting a substantial burden on individual congregants."  *Fazaga*, 965 F.3d at 1061.  Considering the state of the law at a time long after *Weisman* and *Yoder* were decided, it held that "[t]here simply was no case law in 2006 or 2007 that would have put the Agent Defendants on notice that covert surveillance on the basis of religion could violate RFRA."  *Id*.

Finally, Plaintiffs insist that the general definition of a religious "burden" used by the

---

[6]     Given the emphasis *Yoder* placed on the unique position of Amish children in American life, it is unclear what, if any, applicability the case has in in the context of other religious communities.  *See, e.g., id*. at 235 (observing that, given a unique "history of three centuries as an identified religious sect and a long history as a successful and self-sufficient segment of American society, the Amish in this case have convincingly demonstrated the sincerity of their religious beliefs, the interrelationship of belief with their mode of life, [and] the vital role that belief and daily conduct play in the continued survival of Old Order Amish communities and their religious organization").  The Court need not address that question here.

Supreme Court in *Thomas v. Review Bd. of the Indiana Emp. Sec. Div.*, 450 U.S. 707, 718 (1981) (and restated by the Second Circuit in *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996)) was alone sufficient to put Defendants on notice of the purported illegality of their requests.  *See* Oral Arg. Tr. at 29 (counsel seemingly changing their argument and stating "I don't think you need to use" the three cases relied upon in Plaintiffs' brief and discussed above, and arguing, instead, "you can rely on the Supreme Court precedent of *Thomas* and the Second Circuit precedent of *Jolly*"). The Court is unpersuaded.

To start, *Thomas* stated simply that "[w]here the state conditions receipt of an important benefit upon conduct proscribed by a religious faith, or where it denies such a benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior or violate his beliefs, a burden upon religion exists."  450 U.S. at 717–18. This broad proposition, however, says nothing about when such a "burden" becomes a "substantial burden"—let alone when such a substantial burden, within the meaning of RFRA (a statute not yet enacted when *Thomas* was decided), is no longer justified in "furtherance of a compelling governmental interest."  42 U.S.C. § 2000bb-1(a)–(b).  Moreover, *Thomas* did not address factual circumstances even remotely akin to those presented here.  Instead, it concerned whether a State's denial of unemployment benefits to an employee allegedly terminated because of his religious convictions violated his free exercise rights.  *See* 450 U.S. 707–20.

Although *Jolly* reiterated *Thomas*'s language in weighing a claimed RFRA violation some fifteen years later, the case's procedural posture limits its reach.  There, the Second Circuit held only that an inmate had demonstrated a substantial likelihood of success on the merits of his RFRA claim, such that a district court's issuance of a preliminary injunction was not an abuse of discretion.  *See* 76 F.3d at 471–73.  But even if *Jolly* did constitute a decision on the merits of the

20

RFRA claim, it too is distinguishable, as it involved a plaintiff-inmate who argued that his confinement to a "medical keeplock" for three-and-a-half years for refusing to submit to a test for tuberculosis based upon religious objections violated RFRA. *Id*. at 470–72. The clearly established law analysis must be "undertaken in light of the specific context of the case" in which qualified immunity has been asserted, and, at bottom, neither *Thomas* nor *Jolly* would have placed the statutory [] question" presented by Plaintiffs here "beyond debate." *Mullenix*, 577 U.S. at 12.

Each of the two additional cases which Plaintiffs cite to make out their claim of clearly established law were decided after Defendants' last alleged interactions with Plaintiffs in November 2011 (Tanvir), March 2012 (Shinwari), and May 2013 (Algibhah). *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014); *Washington v. Gonyea*, 538 F. App'x 23 (2d Cir. Sept. 10, 2013). Thus, even to the extent those cases squarely addressed the claimed violation of RFRA—and they do not—they could not possibly have provided any relevant notice to Defendants because they did not "exist[] at the time of the alleged violation." *Okin*, 577 F.3d at 433. (Never mind, moreover, that the Second Circuit's unpublished summary order in *Washington* could not constitute "precedent" for purposes of establishing clearly established law. *See Cerrone v. Brown*, 246 F.3d 194, 202 (2d Cir. 2001) (observing an unpublished decision "does not determine whether a right was clearly established")).

Even if given the benefit of all available precedent today, a decade after the last alleged violations in the Amended Complaint, Plaintiffs' argument that Defendants' actions violated clearly established law would likely still fail. For one, *Burwell* and *Washington* involved factual circumstances plainly distinguishable from the alleged violations in the Complaint. *See Burwell*, 573 U.S. at 688–91 (holding that RFRA prohibited the Department of Health and Human Services from enforcing regulations requiring employers to provide health-insurance coverage for

contraception against closely-held corporations whose owners had religious objections to contraception); *Washington*, 538 F. App'x at 26–27 (construing a *pro se* complaint to state a First Amendment retaliation claim where prison officials had allegedly denied religious services to the plaintiff for providing a Quran to another inmate); *see also id.* (observing that "the contours of the burden standard are not precisely drawn" for RFRA claims).

Indeed, the only federal court to have directly addressed the claims at issue here rejected the argument that they stated a RFRA violation. *See El Ali v. Barr*, 473 F. Supp. 3d 479, 527 (D. Md. 2020). In that case, as here, the plaintiffs claimed that "offers to act as informants for the FBI in exchange for resolution of their travel woes substantially burden[ed] their free exercise of religion," because "their religious beliefs restrict[ed] bearing false witness and betraying the trust of their religious community," and thus prohibited them from agreeing to serve as informants. *Id.* The district court held that law enforcement's efforts to persuade the plaintiffs to serve as informants on their religious community members—even if accompanied by an offer of assistance to remove them from a watchlist—did not impose a substantial burden on religious exercise. *See id.* A "mere 'ask' for assistance in exchange for favorable treatment," it reasoned, "does not constitute a substantial burden on free exercise." *Id.* The court continued:

> As with all potential law enforcement informants, the relationship begins with an "ask," and possible favorable treatment in exchange for helpful information. Also, as with many "asks," they too begin with the potential informant having something to gain, and often something to lose, from saying yes. Suspects are sometimes paid for their testimony or "work off charges" in exchange for turning on their friends, coworkers, family, and community leaders. This Hobson's choice is the same faced by scores of suspects who enter into cooperation agreements with the government on a daily basis. Plaintiffs' choice is a variation on this theme.

*Id.* Finding the requests from law enforcement analogous to any number of standard requests for information, the court in *El Ali* "discern[ed] no principled reason to find the mere offer of a chance to cooperate as placing a substantial burden on the exercise of religion sufficient to support a RFRA

22

violation." *Id*; *cf. Fikre v. FBI*, 2019 WL 2030724, at *8–9 (D. Or. May 8, 2019) (expressing similar "concerns regarding the pleading adequacy of Plaintiff's RFRA claim" where the complaint alleged that the defendants "attempted to use Plaintiff's presence on the No-Fly List as leverage to coerce [him] into becoming an informant regarding activities in [his] mosque," but ultimately rejecting claim on timeliness grounds).

Accordingly, the Court concludes that precedent did not clearly establish at the time of the alleged violations that pressuring an individual to inform on members of their religious community, in violation of their sincerely held beliefs, substantially burdened religious exercise in violation of RFRA.

### B. The Statute Itself Does Not Clearly Establish that Defendants Violated RFRA

Plaintiffs alternatively insist, relying on the Second Circuit's recent decision in *Sabir v. Williams*, 52 F.4th 51 (2d Cir. 2022), that the language of RFRA, itself, should have provided clear notice to the agents, such that their activity which is the subject of this action violated clearly established law. "Based on RFRA's requirements" alone, they quote from *Sabir*, "it is not difficult for an official to know whether an unjustified substantial burden on religious exercise will be deemed reasonable." *Id*. at 65 (cleaned up).

By selectively quoting *Sabir*, Plaintiffs cite the case for a proposition broader than the one articulated by the Second Circuit. As an initial matter, *Sabir* concerned textbook violations of law clearly establishing that "preventing a prisoner from engaging in congregational prayer constitutes a substantial burden on the prisoner's religious exercise." 52 F.4th at 65 n.9; *see also id*. ("[W]e have consistently recognized that policies restricting access to group prayer impose a burden on prisoners' free exercise rights.") (citing *Salahuddin v. Coughlin*, 993 F.2d 306, 308 (2d Cir. 1993)). Moreover, in *Sabir*, unlike here, the plaintiffs specifically and repeatedly raised their religious

objections to the defendant wardens' conduct preventing them from participating in group prayer. *See, e.g.*, 52 F.4th at 55–56.

But even accepting Plaintiffs' premise that *Sabir* also stands for the proposition that RFRA itself may, in some contexts, provide clear notice to would-be offenders, their reliance on the case remains unavailing. To be sure, statutory provisions in existence at the time of an individual's conduct can create "fair warning" for the officer that their conduct would violate a plaintiff's rights. *Okin v. Village of Cornwall-on-Hudson Police Department*, 577 F.3d 415, 433–34 (2d Cir. 2009). Accordingly, *Sabir* reasoned that there are "some contexts in which a higher degree of specificity is required to establish the law for purposes of qualified immunity than in others." 52 F.4th at 65. "For example, the Fourth Amendment's prohibition of 'unreasonable searches and seizures' is an 'abstract right[]' because 'it may be difficult for an officer to know whether a search or seizure will be deemed reasonable given the precise situation encountered." *Id.* (quoting *Ziglar*, 137 S. Ct. at 1866). But the Circuit emphasized that "[n]o such concerns [were] present" in *Sabir*, because, "[b]ased on RFRA's requirements, it is not difficult for an official to know whether an unjustified substantial burden on religious exercise will be deemed reasonable." *Id.* at 65 (cleaned up). "As the text of the statute itself explains: 'Government may substantially burden a person's exercise of religion *only if it demonstrates* that application of the burden . . . is *in furtherance* of a compelling governmental interest.'" *Id.* (emphasis in original). Because the prison wardens in *Sabir* denied the plaintiffs' requests for group prayer "with no justification" whatsoever, RFRA itself provided clear warning that doing so—without justification—violated the law. *Id.* at 66. "Put another way, if an official substantially burdens a sincere religious exercise but cannot point to evidence that the application of the burden was in service of any interest—let alone a compelling one—the official has violated RFRA." *Id.*

24

Accepting further that Defendants could have known from RFRA's text, let alone "known for certain," *Ziglar*, 137 S. Ct. at 1867, that their attempts to pressure Plaintiffs to inform on fellow Muslims "substantially burdened" their religious exercise, it cannot be said Defendants made the requests "with no justification," *Sabir*, 52 F.4th at 66. Defendants, like the FBI and DHS more broadly, were actively engaged in an effort to gather intelligence related to national security in the aftermath of the 9/11 terrorist attacks. The Complaint itself acknowledges that the No Fly List existed to reduce "significant threats to aviation safety," and was maintained by the TSC with the goal of "coordinating the government's approach to terrorism screening." Compl. ¶¶ 2, 20. Put differently, even to the extent that the Complaint plausibly alleges that Defendants improperly burdened religious exercise, it does not allege that they did so with no justification whatsoever. *Contra Sabir*, 52 F.4th at 66 (where the wardens could not point to evidence "that the application of the burden was in service of any interest").

The text of RFRA itself is thus not dispositive to the question of whether clearly established law would have put Defendants on notice that their requests to Plaintiffs violated RFRA, and the Court must look to the state of Supreme Court and Second Circuit precedent in existence at the time. *See supra*, pp. 16–21.

## II.    Leave to Amend

Finally, whether to grant leave to further amend a complaint is committed to the "sound discretion of the district court," and may be denied when amendment would prove futile. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). For instance, "[g]ranting leave to amend is futile if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 F. App'x 617, 622 (2d Cir. 2009). Here, Plaintiffs do not specifically seek leave for

further amendment. The Court has concluded, given the state of the law at the time of the interactions at issue, that it was not clearly established that Defendants' pressuring of Plaintiffs to inform on their fellow Muslims would have violated RFRA. Further amendment would thus be futile, as no amendment to the pleadings could change the state of the law then in existence. Accordingly, the Court thus finds dismissal with prejudice to be warranted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. The Clerk of Court is respectfully directed to terminate the motions pending at docket entry 127, and to close this action.

SO ORDERED.

Dated:     February 24, 2023
           New York, New York

Hon. Ronnie Abrams
United States District Judge

**Addendum B**


Plaintiffs-Appellants propose to raise the following issues on this appeal:


Whether in this case, pursuant to *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), the first prong of the qualified immunity analysis (*i.e.*, whether the Appellees violated a statutory or constitutional right) should be decided before the second prong (*i.e.*, whether the right was clearly established).

Whether Defendants' decision to substantially burden Plaintiffs' religious practice without any justification by placing them on the No Fly List unless and until Plaintiffs spied on their Muslim religious communities violated RFRA.

Whether basic principles of religious liberty, case law, and RFRA's statutory language, provided Defendants with fair warning that using the pressure of the No Fly List to coerce Plaintiffs to become spies on their religious communities violated RFRA.


. This Court reviews *de novo* a district court decision dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6), "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff[s]." *Trustees of Upstate New York Engineers Pension Fund v. Ivy Asset Management*, 843 F. 3d 561, 566 (2d Cir. 2016).