# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-738

**Caption [use short title]**

**Motion for:** Removal of case from expedited appeals calendar

Set forth below precise, complete statement of relief sought:

Appellants seek to remove this case from the expedited appeals calendar and proceed according to their previously filed Rule 31.2 Scheduling Notification. This motion is unopposed.

Tanvir v. Tanzin

**MOVING PARTY:** All Plaintiff-Appellants
**OPPOSING PARTY:** All Defendant-Appellees

☐ Plaintiff ☐ Defendant
☑ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Naz Ahmad
**OPPOSING ATTORNEY:** Sarah Normand & Ellen Blain

[name of attorney, with firm, address, phone number and e-mail]

Naz Ahmad, Main Street Legal Services, Inc.
CUNY Law 2 Court Square Long Island City, NY 11101
718-340-4630; naz.ahmad@law.cuny.edu

**Court-Judge/Agency appealed from:** Hon. Ronnie Abrams (SDNY)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☑ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Naz Ahmad  **Date:** 05/31/2023  **Service by:** ☑ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| MUHAMMAD TANVIR, JAMEEL ALGIBHAH, and NAVEED SHINWARI, <br><br> *Plaintiffs-Appellants*, <br><br> v. <br><br> FNU TANZIN, *et al.* <br><br> *Defendants-Appellees*. | Case No. 23-738 <br><br> APPELLANTS' CONSENT MOTION TO REMOVE CASE FROM EXPEDITED APPEALS CALENDAR |

Pursuant to Federal Rule of Appellate Procedure 27 and Local Rules 27.1 and 31.2(b)(2), Appellants respectfully request to remove this appeal from the Expedited Appeals Calendar ("XAC"). Appellants have consulted with counsel of record for all Appellees, who have informed us that they consent to this motion.

## BACKGROUND

Appellants originally brought suit in 2013, alleging that Appellees placed and/or kept them on the No Fly List for refusing to serve as informants in their religious communities. The Amended Complaint sought, as relevant here, injunctive relief against Appellees and other defendants in their official capacities, and compensatory relief under *Bivens* and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb et seq. *See* ECF No. 13.

Appellants voluntarily dismissed their official-capacity claims on December 28, 2015 after the Government advised Appellants that it knew of "no reason" why they would be unable to fly in the future and Appellants confirmed that they were able to fly on commercial air flights. *See* ECF No. 13.

On September 3, 2015, the District Court granted Appellees' motion to dismiss the individual capacity claims, ruling that a claim for money damages against Appellees was not available under either *Bivens* or RFRA. *Tanvir v. Lynch*, 128 F. Supp. 3d 756 (S.D.N.Y. 2015).

After taking an appeal, the Second Circuit ruled on May 2, 2018 in Appellants' favor, holding that RFRA permits plaintiffs to seek monetary damages against federal officers in their individual capacity. *Tanvir v. Tanzin*, 894 F.3d 449 (2d Cir. 2018).

After granting certiorari, the Supreme Court on December 10, 2020 upheld the Second Circuit's ruling, ruling 8-0 that RFRA does authorize such suits for monetary damages. *Tanzin v. Tanvir*, 141 S. Ct. 486 (2020). The mandate returned from the Supreme Court on June 16, 2021.

The remaining claims are against Appellee FBI agents in their individual capacities for money damages available under RFRA. The Appellees renewed their motion to dismiss the remaining claims for failure to state a claim and under the doctrine of qualified immunity. *See* ECF No. 13. On February 24, 2023, the district court granted the motion to dismiss, ruling that the Appellees were entitled to qualified immunity because it was not clearly established that their conduct would impose a substantial burden on Appellants' religious exercise and thus violate RFRA. *Tanvir v. Tanzin,* No. 13-cv-6951, 2023 WL 2216256 (S.D.N.Y. Feb. 24, 2023). Appellants timely noticed their appeal. ECF No. 1.

After a timely noticing their appeal to this Court, on May 23, 2023, Appellants filed a Rule 31.2 scheduling notification requesting a deadline of July 28, 2023 for their opening brief, which is nearly a month less than the 91 days permitted under the Local Rules for the submission of appellant briefs. *See* ECF No. 30. On May 26, 2023, this Court instead placed the appeal on the XAC pursuant to Local Rule 31.2(b), setting Appellants' due date as June 30, 2023, and Appellees' due date as August 4, 2023. *See* ECF No. 33.

**ARGUMENT**

Pursuant to Local Rule 31.2(b)(2), "any party, for good cause shown, may move to remove the case from the XAC." Appellants' respectfully submit that good cause exists here to remove this case from the XAC.

First, between now and the June 30, 2023 counsel from each of the counsel organizations/firms have professional scheduling conflicts and vacation or work leaves planned, and the requested July 28, 2023 date was chosen in order to accommodate complicated scheduling arrangements. These conflicts will make it very difficult for Appellants' counsel to prepare the brief by June 30, 2023.

Second, although this case is at the pleading stage, this is a complex and important appeal – following the remand from the Supreme Court in 2021 – regarding the question of how qualified immunity should be applied to RFRA. The question of how to apply qualified immunity in the RFRA context is still an emerging and complex matter. *See Sabir v. Williams*, 52 F.4th 51 (2d Cir. 2022). The appeal will also present the complicated question of how to interpret the substantive provisions of RFRA to individual actors and how they should be assessed at the pleading stage.

In addition, the record and procedural history in this case are more extensive and complex than in the typical "threshold dismissal" under Rule 12(b)(6). *See* Local Rule 31.2(b)(1). The allegations arise out of injuries to three different plaintiffs, who allege distinct misconduct by each of the sixteen defendants—all detailed in a 58-page-long operative complaint—the parties submitted extensive briefing on the motion to dismiss (*i.e.*, 50-page briefs in support and in opposition, along with letter-briefs on the applicability of a recent decision of this Court)*,* and the District Court issued a lengthy opinion following oral argument. Appellants

3

respectfully submit that the 30 days remaining to brief these issues[1] will not give Appellants' counsel – several of whom have scheduled vacations or leave – sufficient time to prepare a brief befitting the complicated questions in this novel appeal.

Third, because this case raises complex and novel questions regarding the scope of qualified immunity in this novel statutory complex and because the case implicates significant religious liberty interests, multiple amici wish to file briefs in this case – and had been assuming the filing date for the merits and amicus briefs would be later in the summer. Removing the case from the XAC will provide adequate time for interested parties in to prepare and file amici briefs to assist the court.

Fourth, Appellants had already requested a date to file their opening brief (July 28, 2023) that is considerably shorter than the 91 days permitted under the Local Rules, and so the proposed briefing schedule is already somewhat expedited

Finally, no prejudice to any party will result from this relief since both Appellants and Appellees support removing this matter from the XAC.

For the foregoing reasons, appellants respectfully request that the Court remove this appeal from the XAC and set Appellants' brief to be due on July 28, 2023.

Respectfully submitted,

/s/ *Naz Ahmad*
Naz Ahmad
CLEAR Clinic
Main Street Legal Services, Inc.
CUNY School of Law
2 Court Square
Long Island City, NY 11101
(718)-340-4630
naz.ahmad@law.cuny.edu

---

[1] Plaintiffs note the order expediting briefing was issued on the eve of a holiday weekend, which left Plaintiffs approximately 30 days following to prepare and file their opening brief.

4

5

Dated: May 31, 2023